Warner *against* Smith:

IN ERROR.

To an action brought by the master on the covenants in an indenture of apprenticeship, alleging as a breach, that the apprentice had left his service within the stipulated term, it was held to be a good defence, that the plaintiff had neglected to instruct the apprentice in his trade, and had, unnecessarily, obliged him to work on the *Sabbath.*

This was an action on the covenants in an indenture of apprenticeship; tried at *Hartford, February term,* 1830, before *Bissell, J.*

*Hartford,* June, 1830.

Warner *v.* Smith.

The declaration stated, that on the 1st of *November*, 1825, by a certain indenture of apprenticeship then made and sealed with the seal of the defendant, the defendant, guardian to one *Levi Stone*, a minor, with his assent expressed by his signing the indenture, placed and bound his said ward an apprentice to the plaintiff, to be instructed in the art and trade of a wagon-maker, which the plaintiff then used; that the defendant, by said indenture, covenanted, that the said *Levi* should live with and serve the plaintiff, as an apprentice, from the date of said indenture until he the said *Levi* should arrive at the age of twenty-one years, in *November* 1830; that during all of said time, the said *Levi*, as an apprentice, should faithfully serve and be just and true unto the plaintiff, as his master, and his secrets keep and his lawful commands every where willingly obey; that he should do no injury to his master, in his person, family, property or otherwise, nor suffer it to be done by others; that he would not embezzle or waste the goods of his said master, nor lend them without his consent, nor play at cards or unlawful games, nor frequent taverns or tipling-houses, except about his master's business there to be done, nor contract marriage, nor at any time, by day or by night, absent himself from or leave his said master's service, without his consent, but in all things, as a good and faithful apprentice, should behave and demean himself to his said master, faithfully, during the time aforesaid. The declaration further stated, that by virtue of said indenture, the said *Levi*, on the 1st of *November*, 1825, entered and was received into the service of the plaintiff as such apprentice, and continued in such service, until the 11th of *July* 1828; and although the plaintiff has always, from the time of making said indenture to the present time, well and truly performed and kept all things therein mentioned, on his part to be performed, according to the tenor of said indenture, yet he, the said *Levi*, did, during said term, *viz.* on the 11th of *July* 1828, unlawfully absent himself, and has ever since continued absent from the service of the plaintiff, contrary to the covenant of the defendant as aforesaid; and so the defendant has not kept his said covenant, but has broken the same.

The defendant pleaded, That the plaintiff was, by the terms of said indenture, bound to instruct said apprentice in the art and mystery of wagon-making, but the plaintiff neglected to instruct said apprentice in said business, as by the terms of said indenture he was bound to do; that his business as a wagon-maker

*Hartford,* June, 1830.

Warner v. Smith.

was suspended; and that he, from time to time, directed the said apprentice, unnecessarily, and without just cause, to work on the *Sabbath* or *Lord's day;* and so the plaintiff hath not kept and performed what on his part was to be done and performed, and the said apprentice therefore left the service of his master, as well he might.

The plaintiff replied, that he was, at all times ready and willing to instruct, and did instruct said apprentice in the art, mystery and business of wagon-making, as he was bound to do; and did from the date of said indenture, at all times, continue his said business as a wagon-maker; and did not, from time to time, require of said apprentice to work on the *Sabbath* or *Lord's day,* as alleged in the defendant's plea.

Issue was joined on this replication; and the jury found the issue for the defendant, except the allegation as to the suspension of the plaintiff's business, which they found for him.

The plaintiff thereupon moved in arrest of judgment, that the plea was insufficient, and the issue immaterial. This motion was overruled, and judgment rendered for the defendant. On motion of the plaintiff, the record was then transmitted to this Court for revision.

*Hungerford* and *Toucey,* for the plaintiff, contended, That the facts found by the jury, *viz.* that the plaintiff neglected to instruct the apprentice, and that he obliged him to work on the *Sabbath,* constitute no defence to the action. The latter was not prohibited, nor in any way provided against, by the indenture. If it can have any effect in the case, it must be on some other ground than that of express stipulation. As to the covenant to instruct, this was not a condition the performance of which it was necessary for the plaintiff to allege and prove. The covenants of the defendants were not dependent on this; but were *absolute* covenants. In *Winstone* v. *Linn,* 1 *Barn. & Cres.* 460. (8 *Serg. & Lowb.* 131.) it was decided, that the covenants in an indenture of apprenticeship are not dependent, but are mutual and independent, entitling each party to his remedy for a breach of them. In that case, the action was brought by the apprentice, against the master; and it was held, that the plaintiff's having unwarrantably refused to obey the commands of the master, did not preclude him from a recovery against the master on the covenant of the latter to instruct and maintain the plaintiff during the stipulated term. The same

principle is upheld by the cases of *Campbell* v. *Jones*, 6 *Term Rep.* 570. 1 *Wms. Saund.* 320. *b. Havelock* v. *Geddes* & al. 10 *East* 555. *Davidson* v. *Gwynne*, 12 *East* 381. 2 *Pick. Rep.* 451.

But it may be said, that the misconduct of the plaintiff, both in withholding instruction and in obliging the apprentice to work on the *Sabbath*, aside from any express stipulation, was incompatible with the relation of master and apprentice, and discharged the latter from his obligations. The law has not been so declared. In the case of *Winstone* v. *Linn*, before referred to, it was held, that disobedience of orders, or other acts of misconduct by the apprentice, did not entitle the master to put an end to the contract of apprenticeship ; the master having, at common law, a complete remedy for the misconduct of the apprentice, by an action for a breach of the covenants. The principle must be the same in relation to the misconduct of the master. It will hardly be contended, that every slight violation or neglect of duty created by the relation, will discharge the other party from his covenants. But it makes no difference whether the breach be great or small, provided it be not of such a nature as to amount to a waiver of the covenants of the other party. The misconduct complained of is not of such a nature. The want of instruction during a part of the term, may be fully compensated by superior advantages afforded during another part. As to labouring on the *Sabbath* ; both master and apprentice may have been *Seventh-day Baptists*, and may have conscientiously abstained from labour on *Saturday*, and worked on the *Sabbath*. The record does not disclose the religious views of the parties.

*N. Smith*, for the defendant, after premising, that it appeared from the record, that the apprentice was placed with the plaintiff to *learn* the trade of a wagon-maker, and the plaintiff covenanted to *instruct* him in that trade—that the relation of master and apprentice was created—contended, that the violation of duty on the part of the plaintiff, by neglecting the instruction of the apprentice, and by corrupting his morals, justified the apprentice in quitting the plaintiff's service ; and consequently, was a good defence to this action. And here, he observed, it was not necessary to insist, that every slight act of misconduct or neglect of duty in one party, authorizes the other party to put an end to the relation. The great princi-

*Hartford*, June, 1830.

Warner *v.* Smith.

ple on which the defence rests, is, that where the whole benefit of the relation ceases, and the object contemplated by it is frustrated, by the misconduct of one of the parties, the other is discharged. If the apprentice runs away, can he afterwards sue the master for not instructing him? If the master starves the apprentice, or disables him from working, by violence, can he sue him for not working? The relation implies certain continuing corresponding duties, which must be performed concurrently; and if one party will not perform on his part, he cannot recover against the other for a corresponding non-performance. The present case is within this principle. The misconduct of the master was such as to render it unsafe and improper for the apprentice to remain longer in his service.

PETERS, J. The covenants in this indenture are mutual and dependent. Neither party could sustain an action upon it until he had fulfilled the stipulations on his part. A total failure or prevention, by one party, discharges the other. 1 *Chitt. Plead.* 310. By express covenant, the master was bound to instruct the apprentice in his art or mystery, and to feed and clothe him. As a master stands *in loco parentis*, he is under a higher obligation to instruct him in the principles of morality and religion. But instead of performing this paramount duty, this master compelled his apprentice, unnecessarily, to work on the *Lord's day*. From such an apprenticeship it was *right*, —it was the *duty* of the ward to escape, and of the guardian to receive him. The defendant, as guardian, having transferred to the plaintiff the powers, and the law, the duties of a parent over his ward, he was bound to see them executed, and would have been liable to removal, if he had neglected to snatch him from this school of corruption, and check his career in the road to ruin.

I am, therefore, of opinion, that there is no error in the judgment complained of.

HOSMER, Ch. J. and DAGGETT, and BISSELL Js., without deciding how far the covenants in an indenture of apprenticeship, generally, are dependent or independent, concurred in the result.

WILLIAMS, J. gave no opinion, having been of counsel in the cause.

Judgment affirmed.