May Term, 1857.

VOGLESONG v. THE STATE.

(1) *J. Smith*, for the appellants, cited *Doe* v. *Craft*, 2 Ind. R. 359; *Stephens et al.* v. *Lawson*, 7 Blackf. 275, last paragraph; *Macy* v. *Raymond*, 9 Pick. 285.

---

VOGLESONG *v.* THE STATE.

The term "avocation," as used in the act of 1855, "for the protection of the *Sabbath*," embraces the selling of liquors.

When it is lawful, at the time an information for a violation of that act is filed, for a person to make it his usual avocation to sell liquors, the act prohibits the exercise of that avocation on *Sunday*.

A single act amounts to a violation of the law.

Whether there might be more than one conviction for acts done on the same day, *quære*.

The law is constitutional.

May Term,
**1857.**

VOGLESONG
v.
THE STATE.

Wednesday,
*May 27.*

APPEAL from the *Dearborn* Court of Common Pleas.

PERKINS, J.—An information, upon a corresponding affidavit, was filed in the *Dearborn* Common Pleas, charging that *George Voglesong*, who was at the time over fourteen years of age, on the 16th day of *March*, 1856, at the county of *Dearborn*, in the state of *Indiana*, said 16th day of *March* being the first day of the week, commonly called *Sunday*, was found unlawfully at common labor, and engaged in his usual avocation, to-wit, then and there selling and dealing out to *Frank Hammerly*, one quart of beer, and receiving from him 10 cents in money, in payment therefor, and acting as salesman in his own coffee-house, such common labor and usual avocation, no there being work of charity or necessity, a he said *George* not then and there being one who con observes the seventh day of the week as the *Sabbath*, nor a traveler, a family removing, keeper of a toll-bridge toll-gate, or a ferryman, acting as such."

The defendant pleaded guilty, and moved in arrest of judgment. The Court overruled the motion, assessed a fine, and the defendant appealed to this Court.

He here insists that the Court below erred—

1. Because the act of 1855 (Laws of 1855, p. 159), does not embrace, by the terms "common labor" and "usual avocation," the selling of liquors.

2. That if it does, the information is bad in this case, in charging only a single act of common labor.

3. That said *Sunday* act is unconstitutional and void.

It was lawful, at the time this information was filed, for a person to make it his usual avocation to sell liquors, at all events, for certain purposes. The information charges such to have been the avocation of the appellant. But the "act for the protection of the *Sabbath*," prohibited the exercise of that employment on *Sunday*.

Any single act in that usual avocation must be regarded as an exercise of that avocation. It is true that in *Crepps*

May Term,
1857.

THE PRESI-
DENT, &c.
v.
MATLOCK.

v. *Durden, et al.*, 1 Smith's Lead. Cas. 378, Lord MANS-FIELD says; "It cannot be insisted that, if a tailor sews on the Lord's day, every stitch he takes is a separate offense, or if a shoemaker or carpenter work for different customers at different times on the same *Sunday*, that those are so many separate and distinct offenses. There can be but one entire offense on one and the same day." But it is equally true, that the whole Court held in that case, that a defendant might be prosecuted and convicted for a single act, though such conviction would exhaust the power of the Court over him for the day, and render all subsequent convictions for acts on that day, as a consequence, void (1).

Whether, under our statute, there might be more than one conviction upon a single day, we intimate no opinion.

The constitutionality. of the *Sunday*. act we shall not discuss; though the counsel, in this case, has presented a very learned and able printed argument against its validity. The question can hardly be considered as an open one. The grounds upon which such acts are sustained have been thoroughly examined, and are generally admitted to be substantial. This Court has acted upon them as such. *Reynolds* v. *Stevenson*, 4 Ind. R. 619. See *The Commonwealth* v. *Johnston*, 2 Am. Law Reg. 285, 432, 517.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Schwartz*, for the appellant.

(1)    The case is reported in Cowp. 640.