[No. 2242. Decided September 28, 1896.]

THE CITY OF TACOMA, *Respondent*, v. HENRY KRECH, *Appellant*.

CONSTITUTIONAL LAW — SPECIAL LEGISLATION — ORDINANCE AGAINST BARBERS PURSUING CALLING ON SUNDAY.

A legislature having no authority under the constitution to pass laws partaking of the character of special legislation, it cannot delegate such power to a city council.

An ordinance of a city prohibiting barbers from pursuing their calling on Sunday for compensation, is void as an act of special legislation, as it singles out one class of people and imposes restrictions upon them which are not imposed on other citizens alike.

Appeal from Superior Court, Pierce County.—HON. EMMETT N. PARKER, Judge. Reversed.

*O'Brien & Robertson*, for appellant.

*John Paul Judson*, and *W. H. H. Kean* (*Stacy W. Gibbs*, of counsel), for respondent.

*Per Curiam.*—The appellant was convicted in the municipal court for violating a city ordinance of the

city of Tacoma, which ordinance prevents barbers from pursuing their calling, from shaving or doing any work in connection with their trade, for compensation, on Sunday. Appeal was taken to the superior court of Pierce county. On the trial appellant was again convicted, and from the judgment of that court this appeal is taken.

This judgment is attacked for various reasons by the appellant, but with the view we take of his last contention, viz., that the law is special and is obnoxious to the provisions of our constitution in relation to special legislation, a discussion of the other propositions will not be necessary. One class of people is singled out by this law, while other laboring people in different characters of employment are allowed to prosecute their work. Conceding, for the purpose of this case, the right of the legislature to pass a law restricting or forbidding manual labor on Sunday, yet, under the provisions of our constitution, the restriction must be imposed alike upon all residents of the state or the effect of the law would be to work privileges and immunities upon one class of citizens which did not equally belong to all citizens. If this law is valid, then the legislature would have the right to prohibit farm labor on Sunday; to prohibit working by printers on Sunday; to prohibit nine-tenths of the employments which citizens usually engage in in this country, and leave the other one-tenth of the people to pursue their vocations. This would plainly be granting privileges and immunities to one class which did not belong equally to all citizens. The object of the constitution was to prohibit special legislation and substitute in its place a general law which bore on all alike.

It seems to us that the ordinance in question is

special legislation within the meaning of the constitution, and of course if the legislature had no right to pass such a law it could not delegate such power to a city council. This view is sustained by *Ex parte Jentzsch*, 44 Pac. (Cal.), 803; *Keim v. Chicago*, 46 Ill. App. 445; *Pasadena v. Stimson*, 91 Cal. 238 (27 Pac. 604); *State v. Granneman*, 33 S. W. (Mo.) 784, and *Eden v. People*, 43 N. E. 1108 (referred to on page 437, Vol. 2, Central Law Journal).

It is true there have been some decisions, notably in the state of New York, holding the contrary view, but we are satisfied with the reasoning of the cases cited, and therefore hold the ordinance to be unconstitutional.

The judgment will be reversed and the cause dismissed.