[No. 4165.   Decided June 16, 1902.]

THE STATE OF WASHINGTON, *Appellant,* v. DORSEY NICHOLS, *Respondent.*

SUNDAY LAWS — POLICE POWER.

The enactment of Sunday laws, requiring the cessation of labor on the score of the physical and moral well-being of society, is an appropriate exercise of the police power of the state.

SAME — PROHIBITION OF BUSINESS — CONSTITUTIONAL LAW — DUE PROCESS.

Bal. Code, § 7251, which provides that it shall be unlawful for any person to open on Sunday any shop, store or building, or place of business whatever, for the purpose of trade or sale of goods, wares and merchandise, is a legitimate exercise of the police power, and does not violate the constitutional prohibition against depriving a person of his property, without due process of law, nor is it an invasion of his constitutional right to the enjoyment of life, liberty and property.

SAME — DISCRIMINATION BETWEEN CLASSES OF BUSINESS.

The proviso to Bal. Code, § 7251, excepting from the operation of the statute hotels, drug stores, livery stables and undertakers does not violate the constitutional prohibition against the passage of laws granting to one class of citizens privileges or immunities which shall not equally belong to all citizens, since there is no restriction on any person engaging in the excepted lines of business and thus obtaining equal advantages with all others engaged therein (*Tacoma v. Krech,* 15 Wash. 296, overruled).

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Reversed.

*Oscar Cain,* Prosecuting Attorney, for the State.

*Sharpstein & Sharpstein,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Defendant was charged with the crime of "keeping open a place of business for sale and trade in goods, wares and merchandise on Sunday, committed as follows: . . . on the 21st day of July, 1901, in the county of Walla Walla . . . to-wit, a store for the purpose of sale and trade in goods, wares, and merchandise upon the first day of the week, commonly called Sunday." Upon arraignment the information was demurred to upon the ground that the same does not charge any crime or offense against the laws of the state of Washington. The demurrer was sustained, and the state appeals.

The information is framed under § 7251, Bal. Code, which is as follows:

"It shall be unlawful for any person or persons of this state to open on Sunday for the purpose of trade or sale of goods, wares, and merchandise, any shop, store, or building, or place of business whatever: Provided, That this section shall apply to hotels only in so far as the sale of intoxicating liquors is concerned, and shall not apply to drug stores, livery stables, or undertakers. Any person or persons violating this section shall be guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than twenty-five dollars nor more than one hundred dollars."

The only question presented for review is the validity of the statute. The first objection to the statute urged by counsel for defendant seems to suggest that Sunday laws are not within the general police powers of the state. It is appropriate to observe here of this contention that the uniform expression of judicial opinion, in an unbroken current for centuries, with apparently a single exception, classes these laws peculiarly within the police powers of the state. The learning and industry of counsel have favored

the court with one case entertaining this exceptional view, —*Ex parte Newman,* 9 Cal. 502,—which has subse- quently been overruled in that jurisdiction in *Ex parte Andrews,* 18 Cal. 678. In *Bloom v. Richards,* 2 Ohio St. 387, the court, by Judge THURMAN, observed of a Sunday law:

"We are, then, to regard the statute under considera- tion as a mere municipal, or police regulation, whose val- idity is neither strengthened nor weakened by the fact that the day of rest it enjoins is the Sabbath day. Wis- dom requires than men should refrain from labor at least one day in seven, and the advantages of having the day of rest fixed, and so fixed as to happen at regular recur- ring intervals, are too obvious to be overlooked. It was within the constitutional competency of the general as- sembly to require this cessation of labor, and to name the day of rest."

Mr. Justice FIELD, in *Ex parte Newman,* 9 Cal. 502, referring to the same subject, said:

"Its requirement is a cessation of labor. In its enact- ment, the legislature has given the sanction of law to a rule of conduct, which the entire civilized world recognizes as essential to the physical and moral well-being of so- ciety. Upon no subject is there such a concurrence of opinion, among philosophers, moralists and statesmen of all nations, as on the necessity of periodical cessations from labor. One day in seven is the rule, founded in ex- perience, and sustained by science. . . . The pro- hibition of secular business on Sunday is advocated on the ground that by it the general welfare is advanced, labor protected, and the moral and physical well-being of so- ciety promoted."

To the same effect are the following decisions and au- thorities: *Frolickstein v. Mobile,* 40 Ala. 725; *Shover v. State,* 10 Ark. 259; *Scales v. State,* 47 Ark. 476 (1 S. W. 769, 58 Am. Rep. 768); *Warner v. Smith,* 8 Conn.

14; *Gunn v. State,* 89 Ga. 341 (15 S. E. 458); *Langabier v. Fairbury, etc., R. R. Co.,* 64 Ill. 243 ( 16 Am. Rep. 550); *Voglesong v. State,* 9 Ind. 112; *Megowan v. Commonwealth,* 2 Metc. (Ky.) 3; *State ex rel. Walker v. Judge,* 39 La. An. 132 (1 South. 437); *State v. Ambs,* 20 Mo. 214; *Lindenmuller v. People,* 33 Barb. 548; *Society v. Commonwealth ex rel. Meyer,* 52 Pa. St. 126 (91 Am. Dec. 138): *Mayor, etc., of Nashville v. Linck,* 12 Lea, 499; *Gabel v. Houston,* 29 Tex. 335; *In re King,* 46 Fed. 905; *Ex parte Andrews,* 18 Cal. 685; *Ex parte Burke,* 59 Cal. 19 (43 Am. Rep. 231); *Ex parte Koser,* 60 Cal. 202; *State v. Baltimore & O. R. R. Co.,* 15 W. Va. 362 (36 Am. Rep. 803); Cooley, Constitutional Limitations (6th ed.), 725; Tiedeman, Limitation of Police Power, pp. 175-188; Cooley, Constitutional Law, 216.

It may well be concluded that the power of the legislature to enact these laws, as an appropriate exercise of the police power, is set at rest by judicial authority.

It follows from the source and nature of such legislation that the inquiry into the other objections urged by counsel for defendant—that the law is void because it invades the rights of persons and property, and deprives the defendant of each without due process of law, and that it discriminates between different classes, and is therefore repugnant to § 12, art. 1, of our constitution, and the fourteenth amendment of the federal constitution—is narrowed to an inquiry into the reasons or motive of the enactment. The usual and substantially the ancient and original, Sunday law prohibited secular occupations on Sunday, excepting works of necessity or charity. In the legislation of all the states in the Union, except, it seems, in Illinois, the substantial features of the law are the same. There have been different views in the minds of

legislators as to what particular acts were works of necessity or charity. They have been uniform in regarding all noisy occupations and amusements and trades as within the substance of the law. The statute (§ 7251, *supra*) forbids the opening on Sunday, for the purpose of trade or sale of all goods, wares, and merchandise at any place of business whatever. Here is the plain legislative expression that the sanitary, moral, and physical good of the community requires the cessation of these labors on Sunday. But excepted are hotels, drug stores, livery stables, and undertakers. Certainly, in the view of authority and well recognized principles, this is no arbitrary exception; and, unless clearly so, it is not within the province of the judiciary to inquire further into the policy of the statute. The legislature is itself primarily the judge of how far police restrictions shall go. But here it is apparent that the recognized exception of works of necessity or charity was in the mind of the legislature. That the legislature may in the first instance determine what are works of necessity and charity has been adjudged by the highest authority. The general Sunday law of Minnesota prohibited all labor on Sunday, excepting works of necessity and charity. Afterwards the legislature amended the law, and provided "that keeping open a barber shop on Sunday for the purpose of cutting hair and shaving beards shall not be deemed a work of necessity or charity." The supreme court of Minnesota, in *State v. Petit,* 74 Minn. 376 (77 N. W. 225), observed of this proviso and the definition contained in it of works of charity:

"In the exercise of the police power in establishing a day of rest, a very large discretion must be allowed to the legislature in determining what kinds of labor or business should be prohibited, and what are and what are not works

of necessity or charity; unless their classification is manifestly purely arbitrary, and not founded upon any substantial distinction or apparent natural reason which suggests the necessity or propriety of different legislation, the courts have no right to interfere with the exercise of legislative discretion. Courts will take judicial notice of the fact that, in view of the custom to keep barber shops open in the evening as well as in the day, the employees in them work more, and during later hours than those engaged in almost any other occupations, and that this is especially true on Saturday afternoons and evenings;    .    .    .    "

The same case, upon appeal to the supreme court of the United States, 177 U. S. 164 (20 Sup. Ct. 666), was reviewed, and the opinion of the state court commended and affirmed, and it was observed:

"We recognize the force of the distinctions suggested and perceive no adequate ground for interfering with the wise discretion confessedly necessarily exercised by the states in these matters, by holding that the classification was so palpably arbitrary as to bring the law into conflict with the federal constitution."

In *State ex rel. Walker v. Judge,* 39 La. An. 132 (1 South. 437), the constitutionality of a Sunday law was under consideration. Its salient object was to require the closing of all places of business, with the exception of certain designated classes, from 12 o'clock on Saturday night until 12 o'clock on Sunday night of each week, and the punishment of the violation thereof by criminal penalties. It was urged that the law conflicts with the fourteenth amendment of the federal constitution, and with the state constitution, declaring the right to the enjoyment of life, liberty and property. The court observed, in upholding the validity of the statute:

"There exists a remarkable consensus of authority that the establishment of a compulsory day of rest in each week is a legitimate exercise of the police power. Such laws

have been passed in nearly every state of the Union, and their constitutionality has never been successfully questioned in but a single case within our knowledge, that of *Ex parte Newman,* 9 Cal. 502, and it was subsequently overruled by the same court in *Ex parte Andrews,* 18 Cal. 678."

And meeting the objection of inequality, it is observed:

"It only remains to consider the objection urged against the law on the ground of inequality, because of the numerous exceptions contained in the act. The objection has not the slightest force. The law is not unequal in any constitutional sense. No person in the state is permitted to pursue any of the prohibited callings on Sunday; every person is at liberty to pursue those which are excepted. The same discretion which authorized the legislature to determine that the public health, welfare, and convenience required the adoption of the general rule equally authorized it to exempt from its operation certain specified callings on the ground that the public welfare and convenience would be more hindered than advanced by the suspensions of such callings. It is not for us to control the lawmaking power is such a case, or to require it to fit its laws to a Procrustean bed of our own construction."

Counsel for respondent have not furnished the authority of a case that has adjudged a statute so broad as ours invalid because of its exceptions or on the ground of inequality. On the contrary, there seems to be practical uniformity in the construction of similar statutes in those courts where the question has been raised. In *Ex parte Koser,* 60 Cal. 177, the statute was §§ 300 and 301 of the Penal Code. Section 300 declared that every person who keeps open on Sunday any store, work shop, bar, saloon, banking house, or other place of business, for the purpose of transacting business therein, was punishable by fine and imprisonment. Section 301 provided that hotels, boarding houses, barber shops, baths, markets, restaurants, taverns, livery stables, or retail drug stores, or such manufacturing estab-

lishmcnts as are usually kept in continued operation, were excepted from the operation of the section. The validity of this statute was upheld, against the objection that it was a special law, and also violative of § 21, art. 1, of the state constitution, which reads, "Nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens;" and § 11 of the same article, prescribing that "all laws of a general nature shall have a uniform operation." The court observed:

"The exclusion made by section 301 was not arbitrary and the discrimination was reasonable. It was very easy to perceive that there are features in the character of the callings referred to in section 301, and in their relation to the community in which they exist, which render such exclusion proper, and one upon which the legislature might wisely exercise its judgment in leaving them unaffected by penal enactment.    .    .    . It is consistent with this view, to conclude and hold that such a law is a general one, uniform in its operation, and that by it no privilege or immunity is granted so as to bring it in conflict with the clause of the constitution above referred to."

In *Liberman v. State,* 26 Neb. 464 (42 N. W. 419, 18 Am. St. Rep. 791), a municipal ordinance of the city of Lincoln declared, in substance, that it was unlawful for any business house, bank, store, saloon, or any office to be open, or for any person to be admitted thereto for general business, on Sunday, excepting physicians, telephone and express offices, photograph galleries, railroad and telegraph offices, hotels, restaurants, cigar stores, eating houses, ice-cream parlors, and fruit stands. The court upheld the validity of the ordinance, ruling there was no discrimination in the ordinance against the defendant's business, which was that of keeping open a store in which was a general stock of ladies' and gentlemen's furnishing goods. In *Bohl v. State,* 3 Tex. App. 683, the statute before the

court was the Sunday law, which made it a misdemeanor for any dealer in a lawful business to sell or barter goods on Sunday, except drugs or medicines, within the limits of any city or town. It was urged against the validity of the law that it was a special and local one. The court observed, in upholding the constitutionality of the statute, or any particular limits to its operation, other than its applicability to towns and cities alone:

"The merchant and trader pursuing his business in every city or town in the state is equally alike subject to its provisions and liable to its penalties. It appears to us that it might with equal propriety be claimed that almost one-half the laws found upon our statute books are local."

In *People v. Bellet,* 99 Mich. 151 (57 N. W. 1094, 22 L. R. A. 696, 41 Am. St. Rep. 589), a Michigan statute, making it unlawful for barbers to carry on their business on Sunday, and excepting from its operations such persons as conscientiously believed the seventh day of the week should be observed as Sunday, was adjudged valid against the objection that it was in conflict with the fourteenth amendment to the federal constitution, and the provision of the state constitution inhibiting class legislation. The court there quotes with approval Judge Cooley's definition of public legislation, as follows:

"Laws public in their objects may, unless express constitutional provision forbids, be either general or local in their application. They may embrace many subjects or one, and they may extend to all citizens, or be confined to particular classes, as minors or married women, bankers or traders, and the like . . . The legislature may also deem it desirable to prescribe peculiar rules for the several occupations, and to establish distinctions in the rights, obligations, duties, and capacities of citizens. The business of common carriers, for instance, or of bankers, may require special statutory regulations for the general benefit; and it may be matter of public policy to give labor-

ers in one business a specific lien for their wages, when it would be impracticable or impolitic to do the same for persons engaged in some other employments. If the laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply; and they are then public in character, and of their propriety and policy the legislature must judge."

It is true, there are two or three cases that have held an act which singled out the business of keeping barber shops open on Sunday class legislation, but these are opposed to the overwhelming weight of authority. One of these is *Eden v. People*, 161 Ill. 296 (43 N. E. 1108, 32 L. R. A. 659, 52 Am. St. Rep. 365). This was an act of the legislature which made it unlawful to keep open any barber shop or carry on the business of shaving on Sunday. The court declared the statute invalid on the ground that it was taking property without due process of law, and that it was special legislation. But the court observes:

"This state has not, however, followed the other states in the adoption of the English statute, but we have legislated on this subject for ourselves in a manner thought to be for the best interest of our people."

And in California a statute prohibiting bakers from conducting business on Sunday was similarly held invalid. But this case is distinguished by the supreme court of California from the more general law under consideration in *Ex parte Koser, supra*.

But counsel for respondent urge that the case of *Tacoma v. Krech*, 15 Wash. 296 (46 Pac. 255, 34 L. R. A. 68), ought to determine the invalidity of the Sunday closing law under consideration. In that case the defendant was convicted of violating a city ordinance which prevented barbers from pursuing their calling of shaving, or doing any work in connection with their trade, for compensation, on

Sunday. It was adjudged invalid on one ground that it was special and obnoxious to the provision of the constitution in relation to special legislation. It was said that one class of people was singled out, while others were allowed to prosecute their work, and the Illinois and California decisions are cited. It may be observed of this decision that the single question of the validity of this municipal ordinance seems to have been before the court. It does not appear what the general policy of the municipality was, or whether there was any larger inclusion of prohibited business upon Sunday than that of barbers. But we are satisfied, upon more mature consideration, that the conclusion in *Tacoma v. Krech, supra,* was wrong, and it is now overruled. In 24 Am. & Eng. Enc. Law, p. 534, it is said:

"Ordinances prohibiting the sale on Sunday of certain special articles of trade have been attacked as being class legislation and making unjust discriminations. The rule is that the municipality is vested with discretion as to what restrictions upon trade are necessary for the public welfare, and an exercise of this discretion will not be interfered with by the courts unless it is clearly unreasonable or oppressive."

In *State v. Considine,* 16 Wash. 358 (47 Pac. 755), the statute which forbade the employment of females in places of amusement wherein intoxicating liquors were sold was before the court; and it was urged in objection to its validity that it abridged the privileges and immunities of a certain class of citizens, deprived them of property without due process of law, and was special legislation. The statute was upheld, and it was observed:

"The legislature is the supreme authority, within constitutional limitations, to determine what is and what is not an immoral business or a nuisance, and, when it has

so determined, its enactment is valid unless the legislative act is clearly partial, arbitrary and oppressive."

It is concluded, upon principle and authority, that the statute under consideration is a valid exercise of legislative power, and here is the limit of judicial inquiry.

The judgment is reversed, and the cause remanded for further proceedings in accordance herewith.

DUNBAR, WHITE, HADLEY, MOUNT and ANDERS, JJ., concur.