(48 Misc. Rep. 203.)

PEOPLE ex rel. MOFFATT et al. v. ZIMMERMAN, Police Captain.

(Supreme Court, Special Term, Monroe County. September, 1904.)

1. SUNDAY—STATUTORY PROVISIONS—CONSTRUCTION.
    Pen. Code, §§ 263, 264, 267, prohibiting all servile labor, except works of
    necessity and charity, and all manner of public selling or offering for sale
    of property on Sunday, except specified articles, must be liberally con-
    strued for the protection of the Sabbath, and prohibit the opening of a
    place of business on Sunday for the sale or offering for sale of property
    not included in the exceptions.
    [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Sunday, § 2.]

2. SAME—VALIDITY.
    The statute is not in conflict with the state or federal Constitutions.
    [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Sunday, § 2.]

Application by the people, on the relation of William Moffatt and
another, for a writ of habeas corpus against Michael J. Zimmerman,
captain of the police of the city of Rochester. Writ denied, and pe-
titioners remanded to the custody of defendant.

Robert Averill, Asst. Dist. Atty., for the People.
George D. Forsyth, for defendants.

DAVY, J. The sole question in this case is whether M. J. Zim-
merman, captain of the police of the city of Rochester, had legal
authority to arrest and detain the petitioners for trial before the
police magistrate of the city of Rochester. That question must be
determined by the returns to the writs of habeas corpus.

It appears by the returns that the petitioners were arrested by the
police officer upon warrants issued by the police magistrate of said

city, for unlawfully selling a quantity of groceries to one Frank Esqurral on Sunday. The information authorizing the police magistrate to issue the warrants was derived from the affidavits of said Esqurral, which alleged facts sufficient to give the court jurisdiction. The statute of this state regulating the observance of Sunday prohibits all servile labor or work on that day, excepting works of necessity and charity, unless done by those who keep Saturday as a holy day, and whose labor does not disturb other persons in the observance of the first day of the week as holy time. Pen. Code, §§ 263, 264. It also prohibits—

"All manner of public selling or offering for sale of any property on Sunday, except that articles of food may be sold and supplied at any time before ten o'clock in the morning, and except also that meals may be sold to be eaten on the premises where sold or served elsewhere by caterers; and prepared tobacco, milk, ice and soda-water in places other than where spirituous or malt liquors or wines are kept or offered for sale, and fruit, flowers, confectionery, newspapers, drugs, medicines and surgical appliances may be sold in a quiet and orderly manner at any time of the day. The provisions of this section, however, shall not be construed to allow or permit the public sale or exposing for sale or delivery of uncooked flesh foods, or meats, fresh or salt, at any hour or time of the day." Pen. Code, § 267.

Any person who violates any of the provisions of said act is guilty of a misdemeanor, and upon conviction is subject to a fine not less than $5 and not more than $10, or by imprisonment in the county jail not exceeding 5 days, or by both; but for a second offense, where the party shall have been previously convicted, it shall be punishable by a fine not less than $10 and not more than $20, and by imprisonment in a county jail not less than 5 nor more than 20 days. In addition to the above penalty, all property and commodities exposed for sale on the first day of the week, upon conviction of the offender, shall be subject to seizure, which, when seized, shall be sold and the proceeds paid to the overseer of the poor for the use of the poor of the town or city. Pen. Code, §§ 269, 270. This statute must be liberally construed for the protection of the Sabbath, because it is in harmony with the religious sentiment of the public, and it also tends to promote public morals and good order. The opening of a place of business for the sale of goods, and the actual selling of them, is a public selling, which the act for the observance of Sunday was designed to remedy. It is the selling or offering for sale of any articles of merchandise that constitutes the offense, and not the character of the article, unless it is among the exceptions in the act.

The learned counsel for the defendants also contends that the act is unconstitutional, and for that reason the defendants should be discharged. I am of the opinion that this statute violates no provision of either the federal or state Constitution. The Christian Sabbath is one of the civil institutions of the state, and the Legislature, for the purpose of promoting the moral and good order of society, has power under the Constitution to regulate its observance and prevent its desecration by any appropriate legislation. The existing Sunday laws rest chiefly on the right of all classes to rest one day in seven, the right to undisturbed worship on that day, and

the orderly and decent respect which should be paid to the religious institutions of the people. The Christian Sabbath was observed and respected long before the existence of our government. The early colonists brought with them the observance of Sunday, both as a religious and as a civil institution, and both the religious and secular observance of the day was enforced by laws similar to the English statutes. In this state the Sabbath exists as a day of rest, by statute and also by the common law, and the Legislature has passed acts regulating its observance. Sunday laws exist in nearly every state in the Union. The statutes of the different states differ somewhat in details and strictness, but in nearly all the states common labor and traffic are prohibited. Public amusements are restricted or prohibited, and the constitutionality of these laws has been sustained by the highest state courts.

In People v. Moses, 140 N. Y. 215, 35 N. E. 500, Judge Earl said:

"The Christian Sabbath is one of the civil institutions of the state, and that the Legislature, for the purpose of promoting the moral and physical well-being of the people and the peace, quiet, and good order of society, has authority to regulate its observance, and prevent its desecration by an appropriate legislation, is unquestioned."

The motion, therefore, to quash the writ is denied, and the petitioners are remanded to the custody of the captain of the police, who is directed to take them before the police magistrate to be dealt with according to law.