[No. 5665. Decided December 28, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. ALFRED
BERGFELDT, *Appellant.*[1]

INDICTMENT—SUNDAY—JUDICIAL NOTICE. An information charging the defendant with carrying on the business of barbering on Sunday on a day named, which in fact was Sunday, shows with sufficient certainty that the offense was committed on Sunday. since the court will take judicial notice of the day.

STATUTES—AMENDMENT—TITLE—SUFFICIENCY. Const., art. 2, § 37, providing that an act shall not be reversed or amended by mere reference to its title but that the act reviewed must be set forth in full, has no application to the implied repeal of a former law by another on the same subject which is a complete law in itself without mention of the former act.

CONSTITUTIONAL LAW—SPECIAL LEGISLATION—PROHIBITING BARBERING ON SUNDAY—VALIDITY OF STATUTE. Laws 1903, p. 68, prohibiting the business of barbering on Sunday. does not violate the constitutional prohibitions against class legislation or special privileges, nor the Federal constitutional prohibitions against abridging the privileges of a citizen or the taking of liberty or property without due process of law, even as to those who conscientiously believe in the observance of the seventh day of the week (RUDKIN, J., dissenting).

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered October 12, 1904, upon stipulated facts, adjudging the defendant guilty of the offense of carrying on the business of barbering on Sunday. Affirmed.

*James F. O'Brien (T. L. Stiles,* of counsel), for appellant, contended, *inter alia,* that the act is class legislation. *State v. Brown,* 37 Wash. 97, 79 Pac. 635; *In re Jacobs,* 98 N. Y. 98, 50 Am. Rep. 636; *Lawton v. Steele,* 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385; *In re Aubrey,* 36 Wash. 308, 78 Pac. 900; Brannon, Fourteenth Amendment, p. 200; *Bessette v. People,* 193 Ill. 334, 62 N. E. 215, 56 L. R. A. 558; State and Federal Control, pp. 13 *et seq.* and 482; Tiedeman, Lim. Police Power, pp. 194 *et seq.* and

1Reported in 83 Pac. 177.

277-281; Cooley, Torts, p. 277; *People ex rel. Fleischman v. Caldwell,* 168 N. Y. 671, 61 N. E. 1132; *In re Sing Lee,* 96 Cal. 354, 31 Pac. 245, 31 Am. St. 218, 24 L. R. A. 195; Black, Const. Law (2d ed.), 471. It deprives the citizen of his liberty and property without due process of law. 1 Blackstone, Commentaries, 138; *Butchers' Union etc. Co. v. Crescent City Live-Stock etc. Co.,* 111 U. S. 746, 4 Sup. Ct. 652, 28 L. Ed. 585; *In re Jacobs,* 98 N. Y. 98, 50 Am. Rep. 636; *Clinton v. Phillips,* 58 Ill. 102, 11 Am. Rep. 52; *State v. Julow,* 129 Mo. 163, 31 S. W. 781, 50 Am. St. 443; *Millet v. People,* 117 Ill. 294, 7 N. E. 631, 57 Am. Rep. 869; *Wally's Heirs v. Kennedy,* 2 Yerg. 554, 24 Am. Dec. 511; *People v. Marx,* 99 N. Y. 377, 2 N. E. 29, 52 Am. Rep. 34; *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; *Kuhn v. Common Council,* 70 Mich. 534, 38 N. W. 470; *Shreveport v. Levy,* 26 La. Ann. 671, 21 Am. Rep. 553; *Ragio v. State,* 86 Tenn. 272, 6 S. W. 401; Sutherland, Statutory Const., §§ 121-127; *Ex Parte Westerfield,* 55 Cal. 550, 36 Am. Rep. 47; *Dennis v. Moses,* 18 Wash. 537, 52 Pac. 333, 40 L. R. A. 302; *Ex Parte Jentzsch,* 112 Cal. 468, 44 Pac. 803, 32 L. R. A. 664. It is unconstitutional to pass a law of this kind including within its provisions those who conscientiously observe the seventh day. *Johns v. The State,* 78 Ind. 332, 41 Am. Rep. 577; *Cincinnati v. Rice,* 15 Ohio 225; *Canton v. Nist,* 9 Ohio St. 439; *People v. Bellett,* 99 Mich. 151, 57 N. W. 1094; Cooley, Const. Lim. (5th ed.), 587, 588; Cooley, Const. Lim. (1st ed.), 476, 477.

*Charles O. Bates* and *Walter M. Harvey,* for respondent, contended, among other things, that the enactment of the law was within the discretion of the legislature as a health measure. *State v. Nichols,* 28 Wash. 628, 69 Pac. 372; *People v. Havnor,* 149 N. Y. 195, 43 N. E. 541, 52 Am. St. 707, 31 L. R. A. 689; *People v. Bellett,* 99 Mich. 151, 57 N. W. 1094, 41 Am. St. 589, 22 L. R. A. 696; *State v. Petit,* 74

Minn. 376, 77 N. W. 225; *Petit v. Minnesota,* 177 U. S. 164, 20 Sup. Ct. 666, 44 L. Ed. 716; *People ex rel. Hobach v. Buttling,* 13 Misc. Rep. 587, 35 N. Y. Supp. 19; *State v. Frederick,* 45 Ark. 347, 55 Am. Rep. 555; *Commonwealth v. Waldman,* 140 Pa. St. 89, 21 Atl. 248, 11 L. R. A. 563; *Commonwealth v. Williams,* 1 Pearson (Pa.) 61; *Commonwealth v. Dextra,* 143 Mass. 28, 8 N. E. 756. The Sunday closing laws apply to Seventh Day Adventists. *Scoles v. State* (Ark.), 1 S. W. 769; *Commonwealth v. Has,* 122 Mass. 40; Cooley, Const. Lim., pp. 476-477; Desty, Criminal Law, § 117 and cases cited; *Parker v. State,* 16 Lea 476, 1 S. W. 202; *Frolickstein v. Mayor of Mobile,* 40 Ala. 725; *Gabel v. Houston,* 29 Tex. 335; *Swann v. Swann,* 21 Fed. 299; *Spect v. Commonwealth,* 8 Pa. St. 312, 49 Am. Dec. 518; *Ex parte Andrews,* 18 Cal. 678; 24 Am. & Eng. Ency. Law (1st ed.), 546.

*Frederic G. Dorety* and *Oliver F. Cutts,* as *amici curiae.* Where persons or acts belonging to a single occupation only are to be subjected to restraint, that occupation must be shown to be more likely than others to produce the danger at which the law is aimed, or else that class of persons must be shown to be more in need of the protection which the law offers. Cooley, Const. Lim. (5th ed.), 486; Freund, Police Power, p. 755, § 738; *Connolly v. Union Sewer Pipe Co.,* 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; *Lochner v. New York,* 198 U. S. 45, 25 Sup. Ct. 539; *Gulf etc. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; *State v. Loomis,* 115 Mo. 307, 22 S. W. 350, 21 L. R. A. 789; *Frorer v. People,* 141 Ill. 171, 31 N. E. 395, 16 L. R. A. 492; *Low v. Rees Printing Co.,* 41 Neb. 127, 59 N. W. 362, 43 Am. St. 670, 24 L. R. A. 702; *Braceville Coal Co. v. People,* 147 Ill. 66, 35 N. E. 62, 37 Am. St. 206, 22 L. R. A. 340; *Hocking Valley Coal Co. v. Rosser,* 53 Ohio St. 12, 41 N. E. 263, 53 Am. St. 622, 29 L. R. A. 386; *South etc. R. Co. v. Morris,* 65 Ala. 193; *Dixon v. Poe,* 159 Ind. 492, 65

N. E. 518, 95 Am. St. 309, 60 L. R. A. 308; *Ruhstrat v. People,* 185 Ill. 133, 57 N. E. 41, 76 Am. St. 30, 49 L. R. A. 181; *State v. Haun,* 61 Kan. 146, 59 Pac. 340, 47 L. R. A. 369; *In re Eight-Hour Bill,* 21 Colo. 29, 39 Pac. 328; *State ex rel. Randolph* v. *Wood,* 49 N. J. L. 85, 7 Atl. 286. The real object and effect of the law is to accomplish some other and illegitimate end, under cover of a health regulation. *In re Aubrey,* 36 Wash. 308, 78 Pac. 900; *In re Jacobs,* 98 N. Y. 98, 50 Am. Rep. 636; *Chicago v. Netcher,* 183 Ill. 104, 55 N. E. 707, 75 Am. St. 93, 48 L. R. A. 261. The following are exactly similar cases in point. *Tacoma v. Krech,* 15 Wash. 296, 46 Pac. 255, 34 L. R. A. 68; *Ex Parte Jentzsch,* 112 Cal. 468, 44 Pac. 803, 32 L. R. A. 664; *Eden v. People,* 161 Ill. 296, 43 N. E. 1108, 52 Am. St. 365, 32 L. R. A. 659; *State v. Granneman,* 132 Mo. 326, 33 S. W. 784; *Ragio v. State,* 86 Tenn. 272, 6 S. W. 401; see, also, *Ex Parte Westerfield,* 55 Cal. 550, 36 Am. Rep. 47.

PER CURIAM.—The defendant was informed against for the crime of carrying on the business of barbering on Sunday, in violation of the act of March 7th, 1903, Laws 1903, p. 68. A demurrer interposed to the information was overruled. Thereafter the case was submitted to the court on an agreed statement of facts. The agreed statement admitted facts constituting a violation of the act, and set forth, by way of defense, that the defendant is a Seventh-Day Adventist, and conscientiously observes the seventh day of the week, commonly called Saturday, and performs no labor of any kind on that day; that he believes the right is guaranteed him to work six days of the week, and to refrain from work on the seventh; that he further believes that it is impossible for him to make a living in his business without keeping his place of business open six days of the week. The court adjudged the defendant guilty, and from the judgment and sentence pronounced against him, this appeal was taken.

The only ground of demurrer, aside from the question of

the validity of the statute, is that it does not sufficiently appear from the information that the acts complained of were committed on Sunday. The information recites that the appellant is accused of the crime of carrying on the business of barbering on Sunday, and charges that, on the 10th day of April, 1904, the appellant unlawfully carried on the business of barbering on Sunday. While the information does not charge, in direct terms, that the 10th day of April, 1904, was Sunday, yet the court will take judicial notice of that fact, and this coupled with the further allegation that the appellant carried on the business of barbering on Sunday on that day, shows with sufficient certainty that the acts complained of were committed on Sunday.

The first objection urged against the validity of the statute under which the information was filed is that the act is amendatory of Bal. Code, § 7251, and that the object of the act is not set forth in the title, and the act as amended is not set forth at full length as required by our constitution. This question was decided adversely to the appellant in *In re Dietrick*, 32 Wash. 471, 73 Pac. 506.

The next contention is that the act violates section 12 of art. 1, of the state constitution, which provides that "No law shall be passed granting any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens and corporations;" and section 1 of the Fourteenth Amendment to the Constitution of the United States, which provides that, "No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the law." It is further contended that the act is unconstitutional as to those who conscientiously believe in the observance of the seventh day of the week.

The power of the legislature to enact a general law pro-

hibiting all labor on Sunday, excepting works of charity or
necessity, is now conceded on every hand. It is likewise con-
ceded that such regulations are civil in character, and apply
to all persons within the state—to those who believe in the
observance of the first day of the week, or the seventh day
of the week, as a religious duty, and to those who believe
in no religious observance whatever. These propositions are
so well settled that it requires no citation of authorities to
sustain them. 27 Am. & Eng. Ency. Law (2d ed.), 390, 391.
There is, however, a sharp conflict of authority as to the power
of the legislature to enact a law prohibiting the carrying on
of a particular occupation, such as barbering, on Sunday.
Such laws have been sustained by the courts of New York,
Michigan, and Oregon. *People v. Havnor,* 149 N. Y. 195,
43 N. E. 541, 52 Am. St. 707, 31 L. R. A. 689; *People v.
Bellett,* 99 Mich. 151, 57 N. W. 1094, 41 Am. St. 589, 22
L. R. A. 696; *Ex parte Northrup,* 41 Ore. 489, 69 Pac. 445.
On the other hand, their validity has been denied in Illinois,
California, and Missouri. *Eden v. People,* 161 Ill. 296, 43
N. E. 1108, 52 Am. St. 365, 32 L. R. A. 659; *Ex parte
Jentzsch,* 112 Cal. 468, 44 Pac. 803, 32 L. R. A. 664; *State
v. Granneman,* 132 Mo. 326, 33 S. W. 784.

The arguments in favor of and against the validity of
such statutes are fully set forth in the decisions referred to
and will not be repeated here. *Petit v. Minnesota,* 177 U. S.
164, 20 Sup. Ct. 666, 44 L. Ed. 716, is also cited in support
of such laws. The law of Minnesota involved in that case
prohibited all Sunday labor, excepting works of necessity or
charity, and provided that Sunday barbering should not be
deemed a work of necessity or charity. The supreme court
of the United States held first, that the proviso took nothing
from the statute, as barbering was not a work of necessity or
charity; and second, that the classification was not so pal-
pably arbitrary as to bring the law in conflict with the con-
stitution of the United States.

The question has been twice before this court, first, in the

case of *Tacoma v. Krech*, 15 Wash. 296, 46 Pac. 255, 34 L. R. A. 68, where an ordinance prohibiting barbers from pursuing their ordinary calling on Sunday was declared unconstitutional, following the cases above cited from Illinois, California and Missouri; and second, in *State v. Nichols*, 28 Wash. 628, 69 Pac. 372, a prosecution for the violation of the Sunday closing law, found in Bal. Code, § 7152. In the case last cited, the case of *Tacoma v. Krech* was declared overruled. It was contended in argument before this court that *State v. Nichols* was based on a different statute, and that the point decided in *Tacoma v. Krech* was not involved. However that may be, a majority of the court is now of opinion that the act in question is constitutional, and that *Tacoma v. Krech* was properly overruled. This leads to an affirmance of the judgment.

Judge Rudkin does not concur in this conclusion. He thinks the act in question, without right and without reason, denies to an inconsiderable portion of our population the right to pursue their ordinary calling on Sunday, while that privilege or immunity is enjoyed by every other laborer and artisan in the state; that while, in a technical sense, the act applies to all persons within the state, yet in its practical operation, it affects barbers alone, and denies to them that equality before the law which our constitutions were established to maintain. He does not consider these views in conflict with *Petit v. Minnesota, supra,* as no such discrimination appeared there.