[No. 6973.   Decided November 13, 1907.]

THE STATE OF WASHINGTON, *Appellant*, v. CHARLES HERALD, *Respondent.*[1]

CONSTITUTIONAL LAW—PRIVILEGES AND IMMUNITIES—SUNDAY CLOS-
ING OF THEATERS.  Bal. Code, § 7250, providing a fine for keeping
"open any play house or theater" on Sunday was intended to pre-
vent the opening thereof for the purpose of giving plays or perform-
ances, and not to opening for the purpose of religious or other quiet,
legitimate, and orderly exercises; and hence is not unconstitutional
as an abridgment of the rights of individuals.

Appeal from a judgment of the superior court for Pierce
county, Snell, J., entered March 30, 1907, upon sustaining a
demurrer to an information charging defendant with the of-
fense of keeping a theater open on Sunday.   Reversed.

*H. G. Rowland* and *Robert M. Davis*, for appellant.

*McBride, Stratton & Dalton*  and *Ellis & Fletcher*, for re-
spondent.

Root, J.——Respondent was informed against by the prose-
cuting attorney of Pierce county by an information charging
him with having violated Bal. Code, § 7250 (Pierce's Code,
§ 1886), which reads as follows:

"Any person who shall keep open any play house or theater,
race ground, cock pit, or play at any game of chance for
gain, or engage in any noisy amusements, or keep open any
drinking or billiard saloon, or sell or dispose of any intoxicat-
ing liquors as a beverage, on the first day of the week, com-
monly called Sunday, shall, upon conviction thereof, be pun-
ished by a fine not less than thirty dollars nor more than two
hundred and fifty dollars.   All fines collected for violation of
this section shall be paid into the common school fund."

A demurrer was interposed to the information, and sustained
by the trial court, upon the ground that the statute was un-

[1]Reported in 92 Pac. 376.

constitutional as being in conflict with art. 1, § 12, of the state constitution, and § 1 of the fourteenth amendment to the Federal constitution.

It is urged by respondent that this statute prevents the opening of a theater building for any purpose whatever on Sunday; that the opening of such theater building for church, Sunday school, ordinary lecture, memorial service, or other legitimate, quiet, and proper service, would be invalid as much as if opened for the purposes of giving a theatrical play or dramatic performance; that the attempt to prevent such a building from being opened for such religious or other orderly and quiet exercises is an infringement of the rights of the individual, and is consequently in contravention of the constitutional guaranties above referred to.

The question depends upon the construction to be given the statute. If it be given a narrow, technical construction, respondent's position may be upheld. But if it be given, what we regard as a reasonable and common-sense interpretation, to wit, that a theater building or playhouse should not be opened for theatrical plays or dramatic performances upon Sunday, then it is not open to the objections urged. We think it is perfectly apparent that the legislature intended by this statute to prevent the opening of theaters and play houses on Sunday for the giving of such plays and performances, and that it had no intention of forbidding them to be opened for religious or other quiet, legitimate, and orderly exercises.

The judgment of the honorable superior court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

FULLERTON, RUDKIN, MOUNT, and DUNBAR, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.