[No. 20519.  Department Two.  July 27, 1927.]

THE CITY OF SEATTLE, *Respondent,* v. B. GERVASI, *Appellant.*[1]

[1] CONSTITUTIONAL LAW (114)—EQUAL PROTECTION OF THE LAWS—
PROHIBITION OF BUSINESS—SUNDAY CLOSING.  A Sunday closing
ordinance prohibiting the sale of groceries on Sunday is not
unconstitutional as class legislation in violation of Const., art.
1, §§ 3 and 12, and the 14th amendment to the Federal constitu-
tion; notwithstanding numerous exceptions permitting the sale
of meals, tobacco, milk, fruit, confectionery, newspapers, maga-
zines and medical appliances.

Appeal from a judgment of the superior court for
King county, Findley, J., entered October 15, 1926,
affirming a judgment of a police court imposing a fine
for violation of a municipal ordinance.  Affirmed.

*E. F. Kienstra,* for appellant.

*Thomas J. L. Kennedy* and *Hugh R. Fullerton,* for
respondent.

HOLCOMB, J.—Appellant was charged with the of-
fense of selling groceries on Sunday, under the pro-
visions of an ordinance of Seattle, No. 32138, and was
found guilty and adjudged to pay a fine of one dollar
and costs.  Section 1 of that ordinance provides:

"Every person who, on the first day of the week,
shall, within the corporate limits of the city of Seattle,
promote any noisy or boisterous sport or amusement,
disturbing the peace of the day; or who shall conduct
or carry on, or perform or employ any labor about any
trade or manufacture, except livery stables, garages
and works of necessity or charity conducted in an
orderly manner so as not to interfere with the repose
and religious liberty of the community; or who shall
open any drinking saloon, or sell, offer or expose for
sale, any personal property, shall be guilty of a mis-

[1]Reported in 258 Pac. 328.

demeanor; provided, that meals without intoxicating liquors may be served on the premises or elsewhere by caterers, and prepared tobacco, milk, fruit, confectionery, newspapers, magazines, medical and surgical appliances, may be sold in a quiet and orderly manner. In works of necessity or charity is included whatever is needful during the day for the good order or health or comfort of a community; but keeping open a barber shop, shaving or cutting hair, shall not be deemed a work of necessity or charity, and nothing in this section shall be construed to permit the sale of uncooked meats, groceries, clothing, boots or shoes.''

Section 2 of the ordinance provides penalties.

The complaint charges a misdemeanor, in the language of the ordinance, by selling groceries on Sunday. The case was first tried in police court, where appellant was adjudged guilty and fined one dollar. He appealed to the superior court, where a demurrer was interposed to the complaint on the grounds, (1) that the facts charged do not constitute a crime; (2) that the ordinance upon which the charge is based is class legislation, discriminating, arbitrary and unconstitutional.

The superior court overruled the demurrer, and upon appellant's refusal to proceed further, judgment was entered affirming the judgment of the police court, from which this appeal proceeds.

[1] The errors assigned are that it was error to overrule the demurrer, because the ordinance is class legislation, in violation of section 1 of the 14th Amendment to the Federal constitution; and that the ordinance is class legislation violative of §§ 3 and 12, art. I, of the state constitution.

Appellant concedes that Sunday legislation is generally upheld by the courts everywhere, as it was by this court in *State v. Nichols,* 28 Wash. 628, 69 Pac. 372, in which we overruled the former case of *Tacoma v. Krech,* 15 Wash. 296, 46 Pac. 255, 34 L. R. A. 68.

But appellant contends that it is also the well-nigh universal rule that there must be no discrimination or arbitrary action. It is argued that, under the *Nichols* case, *supra,* the legislature may classify, although other occupations may function under the Sunday legislation, but in this case we are presented with the question as to the authority of the city council "to split a class." It is argued that, if the council is permitted to say that tobacco and confectionery can be sold on Sunday and not other lines of merchandise, then there is arbitrary and discriminatory legislation.

Section 11, art. XI, state constitution, confers upon any county, city, town or township power to make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws.

In *Detamore v. Hindley,* 83 Wash. 322, 145 Pac. 462, we held that the above constitutional provision was a direct delegation of the police power, as ample within its limits as that possessed by the legislature itself. In conformity with the constitutional grant, the legislature confirms and defines such power to municipal corporations by Rem. Comp. Stat., §§ 8966, 8981 [P. C. § 678 *et seq.*].

By Rem. Comp. Stat., § 8982 [P. C. § 681], a liberal construction was directed to be given all the foregoing powers granted to municipalities.

The city, by its charter, accepted and assumed the powers and prerogatives granted by the constitution and the statutes.

Since the ordinance in question is not in conflict with any general state statute, it is, unless offensive by reason of constitutional limitation, a valid exercise of municipal power. It is, therefore, to be treated as a state law. *Detamore v. Hindley, supra; Reinman v. Little Rock,* 236 U. S. 171, 59 Law Ed. 900.

The cases generally agree that Sunday laws, when directed against particular occupations or a particular class of tradesmen, must have a reasonable connection with the welfare of the public. This "reasonable connection," however, is readily found by the courts as a matter of economy and welfare, without the assistance of the Decalogue, where the statute imposes no burden on any person of a class which is not imposed upon all of the same class; the courts, as a rule, do not revise the judgment of the legislature as to the wisdom of such classification.

We have held times innumerable that, where all of a class are included under any regulatory or prohibitory law, the objection as to discrimination, denial of equal privileges or immunities, or the taking of property without due process of law, based upon the fact that other businesses are not prohibited, is not sound where the law operates equally upon all persons similarly situated. Also, that legislatures may be cognizant of conditions and things not commonly cognized by courts. *State v. McFarland,* 60 Wash. 98, 110 Pac. 792, 140 Am. St. 909; *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; *State v. Pitney,* 79 Wash. 608, 140 Pac. 918, Ann. Cas. 1916A 209; *State ex rel. Lindsey v. Derbyshire,* 79 Wash. 227, 140 Pac. 540; *Cawsey v. Brickey,* 82 Wash. 653, 144 Pac. 938; *Barker v. State Fish Commission,* 88 Wash. 73, 152 Pac. 537, Ann. Cas. 1917D 810; *State v. Seattle Taxicab & Transfer Co.,* 90 Wash. 416, 156 Pac. 837; *State v. Ferry Line Auto Bus Co.,* 93 Wash. 614, 161 Pac. 467; *Allen v. Bellingham,* 95 Wash. 12, 163 Pac. 18.

And that such legislation is not obnoxious to the restrictions of § 3, art. I, state constitution, in laws enacted in the exercise of police power. *Fisher Flour-*

*ing Mills Co. v. Brown,* 109 Wash. 680, 187 Pac. 399,—
citing *Powell v. Pennsylvania,* 127 U. S. 678.

Section 1 of the ordinance makes no exception of
any person selling groceries on Sunday, and all per-
sons within the class of those selling groceries are in-
cluded within the ban of the ordinance.

The restrictions as to laboring and selling goods on
Sunday in the ordinance are not prohibitions, but
regulations. *In re Ferguson,* 80 Wash. 102, 141 Pac.
322.

It remains to be determined whether the numerous
exceptions contained in the ordinance constitute dis-
criminatory and arbitrary class legislation.

We have also many times held that Sunday closing
laws are within the police power. *State v. Nichols,
supra; State v. Bergfeldt,* 41 Wash. 234, 83 Pac. 177,
6 Ann. Cas. 979; *State v. Herald,* 47 Wash. 538, 92 Pac.
376, 20 L. R. A. (N. S.) 433; *In re Donnellan,* 49 Wash.
460, 95 Pac. 1085.

In *State v. Nichols, supra,* we considered a state
statute containing numerous exceptions. It excepted
hotels, except where intoxicating liquors were sold,
drug stores, livery stables and undertakers.

We quoted from *State ex rel. Walker v. Judge,* 39
La. Ann. 132, 1 South. 437, as follows:

"There exists a remarkable consensus of authority
that the establishment of a compulsory day of rest in
each week is a legitimate exercise of the police power.
Such laws have been passed in nearly every state of
the Union, and their constitutionality has never been
successfully questioned in but a single case within our
knowledge, that of *Ex parte Newman,* 9 Cal. 502, and
it was subsequently overruled by the same court in
*Ex parte Andrews,* 18 Cal. 678. . . .

"It only remains to consider the objection urged
against the law on the ground of inequality, because
of the numerous exceptions contained in the act. The
objection has not the slightest force. The law is not

unequal in any constitutional sense. No person in the state is permitted to pursue any of the prohibited callings on Sunday; every person is at liberty to pursue those which are excepted. The same discretion which authorized the legislature to determine that the public health, welfare, and convenience required the adoption of the general rule equally authorized it to exempt from its operation certain specified callings on the ground that the public welfare and convenience would be more hindered than advanced by the suspensions of such callings. It is not for us to control the law-making power in such a case, or to require it to fit its laws to a Procrustean bed of our own construction.''

In the *Nichols* case, another California case was quoted, *Ex parte Koser,* 60 Cal. 177, as follows:

''The exclusion made by section 301 was not arbitrary and the discrimination was reasonable. It was very easy to perceive that there are features in the character of the callings referred to in section 301, and in their relation to the community in which they exist, which render such exclusion proper, and one upon which the legislature might wisely exercise its judgment in leaving them unaffected by penal enactment. . . . It is consistent with this view, to conclude and hold that such a law is a general one, uniform in its operation, and that by it no privilege or immunity is granted so as to bring it in conflict with the clause of the constitution above referred to.''

Many other cases were also cited and quoted in the opinion in the *Nichols* case, and *Tacoma v. Krech,* *supra,* expressly overruled.

In the *Krech* case, a barber was convicted of violating a city ordinance preventing barbers from pursuing their calling, or shaving or doing any work in connection with their trade, for compensation, on Sunday. It was adjudged invalid on the ground that it was special legislation, and obnoxious to the provision of the constitution in relation thereto.

The *Krech* case was very similar to a case cited and

relied upon by appellant in this case, *City of Denver v. Bach,* 26 Colo. 530, 58 Pac. 1089. In that case, the sale of clothing was prohibited on Sunday and other kinds of merchandise left undisturbed. There, it was held that the ordinance was discriminating and unconstitutional. That was on the ground that the business of selling clothing, only, was selected for regulation or prohibition of all the kinds of business which might otherwise be done upon Sunday.

A similar case cited and relied upon by appellant is *Waters-Pierce Oil Co. v. Hot Springs,* 85 Ark. 509, 109 S. W. 293, 16 L. R. A. (N. S.) 1035. In that case a tax of fifty dollars per year for the privilege of using wagons on the city streets for delivering coal oil, of twenty-five dollars for using ice wagons, and ten dollars or less for using all other kinds of vehicles, under a city ordinance, was declared to be unreasonable and discriminatory under a constitutional provision similar to ours. It is manifest that the ordinance in the above cited case was discriminatory, for there can be no apparent reason for taxing coal oil and ice delivery wagons more than twice as much as any other kind of vehicle, regardless of size, weight, and the character of use of the streets.

In a case not cited by respondent, but found in our own research, *State v. Dolan,* 13 Idaho 693, 92 Pac. 995, 14 L. R. A. (N. S.) 1259, a state statute was involved prohibiting keeping open on Sunday for the purpose of trade, etc., any shop, store, building, or place of business whatever, and exempting hotels, restaurants, livery stables, stores in selling medicine and supplies for the sick, undertakers, news stands in the quiet sale and delivery of papers and magazines, non-intoxicating refreshments, candies, and cigars, and absolutely prohibiting certain other businesses and places from opening on Sunday. In that case,

referring to the contention that the statute granted special privileges and imposed special restrictions upon others, the court said:

"Counsel overlook, however, that the storekeeper, or anyone, may peddle or sell upon the streets just the same as the vender or farmer. The fact that a man owns a store does not prohibit him from doing any act permitted to be done by another. Neither does it permit the vender or farmer to open a store and sell any of the articles prohibited from sale on Sunday. In other words, the statute grants the same privilege to every person under like circumstances and conditions. The merchant may enjoy the same privileges as the vender and farmer under like circumstances. The vender and farmer may enjoy the same privileges as the merchant under like circumstances. So it will readily be seen that this act does not discriminate or impose special burdens or restrictions, but is fair, and extends the same privileges to every person under like circumstances. What reason the legislature had for making the particular classification they did is a matter upon which no two minds might agree. To one person, it might seem unreasonable to permit cigars to be sold on Sunday, and to prohibit the sale of tea, coffee, and other articles, yet the legislature has deemed it wise to make this classification. Inasmuch as the classification extends the same privileges to everybody, and there is no discrimination, and no burden imposed on any person of a class which is not imposed upon all of the same class, this court cannot revise the judgment of the legislature as to the wisdom of such classification."

The court continued to further reason along the same line, and concluded in accordance therewith that there was no arbitrary discrimination.

In another case, not cited by respondent, *State v. Petit*, 74 Minn. 376, 77 N. W. 225, the supreme court of Minnesota had before it a state statute which prohibited any manner of labor, business, or work, except only works of necessity or charity. The statute was

sustained upon the ground of due exercise of police power. The case went to the supreme court of the United States and was affirmed by it in *Petit v. Minnesota,* 177 U. S. 164, 24 Law Ed. 716.

In the above cited *Dolan* case, it was also held that the legislation did not violate the "due process" clause of the Federal Constitution; did not violate the Bill of Rights; that it was not special or local legislation; and that it did not discriminate between different classes or persons.

Another case, not cited, is *State ex rel. Hoffman v. Justus,* 91 Minn. 447, 103 Am. St. 521, 64 L. R. A. 510. That case involved a state statute, from which it would seem the ordinance of Seattle was copied almost verbatim. It read:

"All manner of public selling or offering for sale of any property upon Sunday is prohibited, except that meals may be sold to be eaten on the premises where sold or served elsewhere by caterers; and prepared tobacco in places other than where spirituous or malt liquor or wines are kept or offered for sale, and fruits, confectionery, newspapers, drugs, medicines and surgical appliances may be sold in a quiet and orderly manner; provided, however, that nothing in this section shall be construed to allow or permit the public sale or exposing for sale of uncooked meats, fresh or salt, or groceries, dry goods, clothing, wearing apparel of any kind, or boots or shoes."

In that case, the relator was convicted of selling something not excepted under the statute on Sunday, and sued out a writ of habeas corpus upon the ground that the statute was invalid as contravening constitutional provisions prohibiting partial or class legislation. The court said:

"While it is necessarily conceded that, as a police regulation, the law prohibiting work on the Sabbath is within the scope of legislative power and authority, it is insisted for petitioner that this statute involves

and authorizes a discrimination for a favored class, which is so unreasonable as to convict the Legislature of gross partiality in its adoption; that its provisions prohibit the sale of meats on the morning hours of Sunday, which had been previously permitted under section 6517, G. S. 1894, which is regarded as especially obnoxious to the retail city butchers, who are particularly interested in these proceedings, since the provision in the act abrogates the privilege previously conferred, but retains the right of dealers to sell fruit, confectionery, newspapers, drugs, medicines, and surgical instruments in a quiet and orderly manner.

"It is insisted that there is no intelligent or apparent reason for these distinctions in the classes referred to. The right to dispose of drugs, medicines, and surgical appliances is so clearly a necessity in favor of health and life that it is not suggested that by this exception the vendors of these articles are improperly favored in the act, or that newspapers may not be properly sold; but that there is no reason why cigars, candy, and tobacco in packages can be sold on Sunday, while uncooked meats, which are as much of a necessity, are restrained and forbidden.

"Whether the discrimination be justified by wise legislative policy, we are not required to determine. That is the province of the lawmaking power, not ours. It is our duty to ascertain, if possible, whether, from our knowledge of existing conditions, there is such a sensible distinction between these occupations as would furnish a basis of judgment in making the same."

It was then held that, in view of the differences referred to between the occupations distinguished in the statute, it was competent for the legislature to make such classifications, and include some and except others, the court saying that it could not say that "an unusual favoritism is so clear that we must convict the legislature of the violation of the constitutional provisions invoked for the petitioner."

In *City of Butte v. Paltrovich*, 30 Mont. 18, 75 Pac. 521, the court had before it an ordinance regulating

the hours of doing business by pawnshops. In answer
to the contention by the defendant that he was denied
the equal protection of the law, the court said:

"It is only where persons engaged in the same busi-
ness are subjected to different restrictions, or are
granted different privileges under like conditions, that
the discrimination is open to objection, or can be said
to impair the equal right which all may claim under
the law. *Soon Hing v. Crowley*, 113 U. S. 703, 5 Sup.
Ct. 730, 28 L. Ed. 1145; *Barbier v. Connolly*, 113 U. S.
27, 5 Sup. Ct. 357, 28 L. Ed. 923."

In *People ex rel. Moffatt v. Zimmerman*, 48 Misc.
Rep. 203, 95 N. Y. Supp. 136, a case relied upon by
respondent, a state statute was involved which pro-
hibited all manner of selling or offering for sale of any
property on Sunday, except articles of food at any
time before ten o'clock in the morning, and except also
meals to be sold and eaten on the premises where sold
or served elsewhere by caterers, and prepared tobacco,
milk, ice and soda water in places other than where
spirituous or malt liquors or wines were kept or of-
fered for sale, and fruit, flowers, confectionery, news-
papers, drugs, medicines and surgical appliances, to be
sold in a quiet and orderly manner at any time of the
day. It also provided that the act should not be con-
strued to allow or permit the public sale, or exposing
for sale or delivery, of uncooked flesh foods, or meats,
fresh or salt, at any hour or time of the day, such as is
provided in the Seattle ordinance. It was there held
that the statute violated no provision of either the
Federal or state constitution.

We therefore conclude, under the reasoning and con-
struction of the authorities discussed herein, that the
ordinance in question is not unreasonable, discrimina-
tory or arbitrary, and therefore not obnoxious to the
provisions of §§ 3 and 12, art. I, of our constitution.

We are also convinced that it does not contravene

the 14th Amendment to the Federal constitution. That question was discussed in several of the cases cited in this opinion and the cases cited in those decisions, and it is generally held that such provisions are not prohibited by that amendment. See, also, *Reinman v. Little Rock, supra; Hadacheck v. Sebastian,* 239 U. S. 394, 60 Law Ed. 348.

We conclude that the ordinance in question is valid, and not void under the provisions of either the state or Federal constitution.

The judgment is therefore affirmed.

TOLMAN, PARKER, and FRENCH, JJ., concur.