[No. 940. Decided May 17, 1893.]

J. H. GERMOND, *Appellant*, v. THE CITY OF TACOMA, ARVID RYDSTROM, D. L. DEMOREST AND JOHN N. FULLER, *Board of Public Works*, *Respondents*.

MUNICIPAL CORPORATIONS — BONDS FOR INTERNAL IMPROVEMENTS — CONSTITUTIONAL LAW — CITIES OF FIRST CLASS.

The act of March 9, 1893, entitled "An act relating to internal improvements in cities, authorizing the issuance and collection of bonds upon the property benefited by local improvements, and declaring an emergency," is constitutional, and is applicable to cities of the first class, as well as to all other cities.

Where an act, general in terms, contains such reference to special acts as to show an intent on the part of the legislature thereby to repeal or change them, the rule that general acts have no effect upon special ones, though covering the same subject matter, must yield to the manifest intention of the legislature.

*Appeal from Superior Court, Pierce County.*

*Parsons, Corell & Parsons*, for appellant.

*F. H. Murray*, for respondents.

The opinion of the court was delivered by

HOYT, J.—Two substantial questions are presented for our consideration upon this appeal—(1) Does the act of March 9, 1893 (Laws 1893, p. 231), entitled "An act relating to internal improvements in cities, authorizing the issuance and collection of bonds upon the property benefited by local improvements, and declaring an emergency," apply to cities of the first class; and (2), is said act constitutional?

As to the first question, it is claimed by the appellant that, under the rule that acts of a general nature will not repeal special ones, it must be held that the act in question does not in any wise affect the enabling act under which cities of the first class were allowed to frame charters for themselves. His argument in that regard being that the last named act, though a general one within the meaning of our constitutional provision, was a special one so far as the application of said rule is concerned; that it in terms related only to cities of a certain class, and therefore was special legislation relating to that class, while the act under consideration was an act in terms applicable to all cities, and therefore a general one within the meaning of said rule. The general proposition of law as thus contended for by the appellant is too well settled to be longer open to question. The reason for the rule is that it will not be presumed that the legislature when enacting a general law had in mind every special law upon the same subject, and for that reason, to prevent the legislature from doing that which it had no intention to do, it is necessary to hold that such general acts have no effect upon special ones though covering the same subject matter.

The real question, however, in the investigation of acts of this kind, is to determine the intention of the legislature, and if an act general in terms contains such reference to

special acts as to show an intent on the part of the legislature thereby to repeal or change them, such intention must have force, notwithstanding the rule above mentioned. An act the most general in its nature may, by a special reference to some particular thing or class of things, show clearly an intent on the part of the legislature to make such general act the rule as to such particular thing or class, and when this appears, the intent of the legislature thus manifested must be given effect by the courts.

Applying these principles to the act in question, we think it must be held to apply to cities of the first class as well as to all other cities. This is reasonably evident from the general language in the title and body of the act. Such language makes the act in terms apply to any city of the state, while the course of legislation has been to make an act apply only to a particular class of cities unless the legislature intended it to apply to all classes.

But if we were in doubt upon this proposition from the use of this general language, we can no longer be in doubt as to the intention of the legislature when we interpret the act in the light of the provisions of § 4, "that nothing herein shall be construed as repealing or modifying any existing manner and method for cities of the first class to make improvements as herein provided for, but shall be construed as an additional and concurrent power and authority." This language shows to an absolute certainty that the legislature had in mind cities of the first class, and intended to make this act applicable to them; that it did not intend to deprive them of the benefits of any of the provisions of their charters as to the making of such improvements, but did intend to allow them to make use of the authority granted by the act, if they saw fit so to do.

Upon the next proposition counsel for appellant has prepared an elaborate brief and has ably presented to the court every objection which it seems possible to raise against the

validity of said act.    We shall not attempt to discuss sepa-
rately the several objections thus raised.    It is sufficient to
say that the great majority of them seem to us to go to
the policy of the act, and could in no manner affect its va-
lidity.    Many of the questions thus raised would be of
great force if presented to the legislature, but with the ef-
fect which the act may produce, we have nothing to do un-
less by reason thereof some constitutional right is affected.
Except as controlled by the constitution, the legislature is
free to determine as to all matters of this kind, and how-
ever well satisfied we may be that the method prescribed
by it for accomplishing a certain result is not the best that
might have been devised, it is beyond our power to say for
that reason it shall not have force.    All we can do is to de-
termine whether or not any provision of the constitution
has been violated by the legislation under consideration,
and if it has not, the legislation must have force.    And in
the investigation of this question it is our duty to give the
benefit of any doubt that we may have upon the proposi-
tion to the legislation, and unless we can clearly see that
some provision of the constitution has been violated, we
must assume that there has been no such violation.

In view of these considerations, it is clear that with
nearly all of the objections made to this act we have noth-
ing to do.    For instance, it is suggested that the rate of in-
terest which a property owner is required to pay to release
his property from the liens created by the bonds is exces-
sive; but that is purely a question of policy and concerns
the legislature alone.    So, also, the fact that objections to
the proceedings must be made within thirty days is clearly
one of policy for the legislature.

The only question which seems to us to require any con-
sideration is the one which is raised as to the power of the
legislature to delegate the right to enforce the payment of
the assessments to the holders of the bonds.    It is claimed

on the part of the appellant that this delegation is in clear violation of § 12 of art. 11 of our constitution, which provides that the corporate authorities only shall have power to assess and collect taxes for municipal purposes.

In our opinion, the provisions of the act in question do not deprive the corporate authorities of their rights under this section. The questions of determining whether or not the improvement shall be made, and, if to be made, how it shall be paid for, and the proportion of payment to be made by each piece of property benefited, are all left to the corporate authorities, and the fact that the right to enforce the lien created by the act, in favor of the bonds issued in payment for the work, is given to holders of such bonds in no manner violates the constitutional provision. It can make no difference to the taxpayer whether the lien of the assessment is enforced by the city in its own name or by a holder of the bond in his name or in the name of the city. The objection of the appellant growing out of this provision, that thereunder separate suits can be instituted against each of the property holders in favor of each of the bond holders, seems to us to raise no question of the violation of the constitution, but only a question of policy properly addressed to the legislature. We are not satisfied that under the provisions of the statute it will not be competent for a court of equity to compel the lien created by all the bonds issued for the entire work to be foreclosed in one suit, and even if the interpretation contended for by the appellant is the true one, the legislation is simply oppressive, and not in violation of any constitutional right.

This is all we need to say to indicate our view of the case. One of the main questions involved was not discussed on the argument, and has not been by us, for the reason that it was determined adversely to the position which would necessarily have been taken by the appellant, in the case of *State v. Carson, ante,* p. 250.

24 — 6 WASH.

It follows that we find no constitutional objection to the act, and that it is applicable to cities of the first class, and that the judgment of the lower court in so holding must be affirmed.

ANDERS, STILES and SCOTT, JJ., concur.

DUNBAR, C. J., not sitting.