[No. 4668. Decided July 16, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. MACK SCOTT, *Appellant.*

STATUTES — AMENDMENT — TITLE.

Laws of 1897, p. 19, entitled "An act amending section 28 of the Penal Code of the State of Washington relating to the crime of rape," setting forth in full the section as amended does not violate art. 2, § 37, of the constitution providing that no act shall be amended by mere reference to its title, but that the revised act shall be set forth in full; and it is not necessary to refer in its title to the title of the act amended.

SAME.

Such act is not unconstitutional as failing to express the subject of the act in the title, as the subject is sufficiently expressed either as an amendatory act or as an independent act, treating the references to existing statutes as surplusage.

Appeal from Superior Court, King County. Hon. ARTHUR E. GRIFFIN, Judge. Affirmed.

W. H. Morris, Frank S. Southard, Andrew R. Black, John E. Humphries and Harrison Bostwick, for appellant:

In order to amend a statute it is necessary to refer to the title of the original act amended. O'Mara v. Wabash R. R. Co., 150 Ind. 648 (50 N. E. 821); Boring v. State, 141 Ind. 640; Feibleman v. State, 98 Ind. 516; State v. Halbert, 14 Wash. 306; Harland v. Territory, 3 Wash. T. 142; Copland v. Pirie, 26 Wash. 481; State ex rel Seattle Electric Co. v. Superior Court, 28 Wash. 317; Lewis v. Dunne, 134 Cal. 291 (55 L. R. A. 833); State v. Jaunt, 13 Ore. 115; Gunter v. Texas Land & Mortgage Co., 82 Tex. 496; Webster v. Powell, 18 South. 441.

W. T. Scott, Walter S. Fulton, Vince H. Faben, J. E. Hawkins and Elmer E. Todd, for the State.

The opinion of the court was delivered by

FULLERTON, C. J.—The appellant was convicted of the crime of rape, and appeals from the judgment and sentence pronounced against him. The act (Laws 1897, p. 19) under which he was convicted reads as follows:

"An Act amending section 28 of the Penal Code of the State of Washington, relating to the crime of rape.

"Be it enacted by the Legislature of the State of Washington:

"Section 1. That section 28 of the Penal Code of the State of Washington, relating to the crime of rape, be amended to read as follows: Sec. 28. A person shall be deemed guilty of rape who: 1. Shall, by force and against her will, ravish and carnally know any female of the age of eighteen years or more; 2. Shall, by deceit, deception, imposition or fraud induce a female to submit to sexual intercourse; 3. Shall carnally know any female child under the age of eighteen years.

"Sec. 2. Any person convicted of the crime of rape, as defined by section one of this act, shall be punished by imprisonment in the penitentiary for life or any term of years."

The only question urged by the appellant is the constitutionality of the above act. He insists that under art. 2, §37, of the constitution, which provides that no act shall ever be revised or amended by mere reference to its title, but that the revised act or section amended shall be set forth at full length, two things are necessary to the validity of an amendatory act: (1) The title of the act to be amended should be referred to by setting the same out in the title to the amendatory act; and (2) the section as amended should be set forth at full length. Cases from the supreme court of Indiana, which will be found collected in *Mankin v. Pennsylvania Co.,* 67 N. E. 229, and the cases of *Copland v. Pirie,* 26 Wash. 481 (67 Pac. 227, 90 Am. St. Rep. 769), and *State ex rel. Seattle Electric Co. v. Superior Court,* 28 Wash. 317 (68 Pac. 957), from this court are cited as maintaining the contention. The cases from Indiana seem to support it; those from this court, however, do not. The statute in question in *Copland v. Pirie* was held unconstitutional because it did not set forth at full length the section of the statute it purported to amend, and was not so complete in itself as to be treated as an independent act. In other words, the legislature sought by that enactment to ingraft into an existing section of the statute an additional provision which altered the scope and effect of the original section, without setting out the section as it would read when amended, rendering it necessary to read both the original and amendatory act to ascertain the legislative will on the particular subject, and it was held that this was violative of the purpose of the constitutional provision. The act in the

second case cited was held invalid because its object was not expressed in its title; that is, it was held that a mere reference to the number of the section sought to be amended was insufficient to comply with the section of the constitution which provides that, "No bill shall embrace more than one subject and that shall be expressed in the title." The principles announced in these cases are clearly different from the principle contended for in the case before us. Here the act objected to does set forth in full the amended section, and the title contains something more than a mere reference to the section number of the section it purports to amend; it goes further and expresses the subject of the section it amends. If, therefore, it is unconstitutional, it is because it does not in its title refer to the title of the act sought to be amended by setting the same out. But we cannot think this necessary to the validity of an amendatory act. The constitutional requirement is only that the subject of the act be expressed in its title. This is the rule for all acts,—those amendatory of existing laws as well as those so far complete in themselves as to be independent acts. No particular formula or particular set of words is prescribed by the constitution to express the subject of an act. It must be, then, that any form of words which will express the subject is a compliance with the constitution. There can be, therefore, no constitutional reason for setting out in the title of the amendatory act the title of the act amended, unless the subject of the act can be expressed in no other form of words. But this is not the case here. The title, "An act amending section 28 of the Penal Code of the State of Washington, relating to the crime of rape", just as clearly expresses the subject of an act relating to that crime as any other form of words could possibly do; and, as it is the subject of the amendatory act that must

be expressed in its title, we can see no reason why it is not a sufficient compliance with the constitution. But if the act in question is insufficient as an amendatory act, it is sufficient as an independent act. Clearly, the legislature may, under the title "An act relating to the crime of rape," constitutionally define what shall constitute the crime of rape, and provide a penalty for its violation. Such an act, though it might operate to change or supersede existing laws, would not be repugnant to any constitutional provision. And in this case, if the court could not treat the act as amendatory of an existing statute because of the indefiniteness of the reference in its title to existing statutes, it would treat such reference as mere surplusage, and allow the act to stand as an independent act, as if enacted under the title above quoted.

While the precise objection made to this act has not heretofore been passed upon by this court, acts with titles similar to the one to the act in question have been repeatedly sustained by it. Perhaps the most noted case is that of *Marston v. Humes,* 3 Wash. 267 (28 Pac. 520). It was there held that the title, "An act relating to pleadings in civil actions, and amending sections 76, 77, and 109 of the Code of Washington of 1881," sufficiently stated the subject of the act, and was valid. True the court went further, and held in that case that the Code of 1881 could be constitutionally amended by a mere reference to its section numbers, which holding has not been followed in some subsequent cases; but the main point decided has never been questioned, and was affirmed in the recent case of *State ex rel. v. Superior Court, supra.* We conclude, therefore, that the title of the act violates no provision of the constitution, and is sufficient. The judgment appealed from is affirmed.

Mount, Anders, Hadley and Dunbar, JJ., concur.