[No. 7143. Decided May 28, 1908.]

*In the Matter of* FRANK H. DONNELLAN.[1]

CONSTITUTIONAL LAW—CLASS LEGISLATION—SUNDAY—PROHIBITION OF AMUSEMENTS—POLICE POWER. Bal. Code, § 7250, prohibiting the keeping open of any theater on Sunday is not unconstitutional as unreasonable, arbitrary or unnecessary for the protection of public health, safety or morals, or objectionable as class legislation, but is valid as an appropriate exercise of the police power.

STATUTES—IMPLIED REPEAL. The act of 1866 prohibiting the engaging of certain callings on Sunday was impliedly repealed by the act of 1881 covering the same subject.

STATUTES—SUBJECTS AND TITLES—NUMBER—EXPRESSION IN TITLE —CRIMES AND PUNISHMENTS. A general statute enacted as a complete penal code, relating to all ordinary crimes, entitled "an act relative to crimes and punishments and proceedings in criminal cases" does not violate the organic act (U. S. Rev. St., § 1924) which provides that every law shall embrace but one subject expressed in its title; and the act may include a statute making it a misdemeanor to open a theater on Sunday.

[1]Reported in 95 Pac. 1085.

SAME—ENACTMENT—VALIDITY.   The penal code of 1881 having been enacted as an original bill, it is immaterial that the same was compiled by a commissioner who was without authority to prepare it.

SAME—CONTINUATION OF PRIOR LAWS.   The fact that an original bill embraces a portion of a prior law on the same subject does not make it a mere continuation of the prior law.

SAME—REPEALING PROVISIONS—EFFECT.   The penal code of 1881 is shown to be an independent act complete in itself by § 1295 repealing all former laws.

SAME—SUBJECTS AND TITLES—EXPRESSION IN TITLE.   An act entitled "an act defining certain crimes and declaring their punishment and amending the code of 1881 and certain statutes on the same subject" is sufficiently broad to include the re-enactment of a section of the code of 1881 providing a punishment for keeping open a theater on Sunday.

SAME—REPEAL—INVALID REENACTMENT OF PRIOR LAWS—EFFECT—REPEAL.   The insufficiency of the title of an act does not affect the validity of sections which were simply the re-enactment of valid existing laws, where the act expressly continues in force all acts relating to the same subject not repugnant to the provisions of the act.

Application filed in the supreme court December 27, 1907, for a writ of habeas corpus to discharge from custody a defendant charged with the crime of keeping a theater open on Sunday.   Denied.

*F. C. Robertson, M. J. Gordon, Fred H. Lysons,* and *Harry Rosenhaupt,* for petitioner.

*Kenneth Mackintosh* and *John H. Perry,* for respondent.

MOUNT, J.—This is an application for discharge on writ of habeas corpus.   The petitioner alleges that he is restrained of his liberty by the sheriff of King county, under a complaint in justice court charging the petitioner with having kept open a theater and place of amusement on Sunday, and therein performed as an actor, in violation of Bal. Code, § 7250 (P. C. § 1886), and that petitioner is unlawfully restrained of his liberty by reason of the unconstitutionality of the statute named.   It is claimed that the section in question is uncon-

stitutional upon the following grounds: (1) Because it is unreasonable, arbitrary, unjust, and unnecessary for the protection of the public health, safety, or morals; (2) because the original act of 1886 provided expressly that it should not apply to Snohomish county; (3) because the act of 1881 embraces more than one subject not expressed in the title; and (4) because the title of the act of 1891 is not sufficient to include the subject of this section. We shall consider these grounds in the order stated.

The section in question is as follows:

"Any person who shall keep open any playhouse or theater, race ground, cock pit, or play at any game of chance for gain, or engage in any noisy amusements, or keep open any drinking or billiard saloon, or sell or dispose of any intoxicating liquors as a beverage, on the first day of the week, commonly called Sunday, shall, upon conviction thereof, be punished by a fine of not less than thirty dollars nor more than two hundred and fifty dollars. All fines collected for the violation of this section shall be paid into the common school fund." Bal. Code, § 7250 (P. C. § 1886).

It will be readily seen that this section prohibits any person from keeping open on Sunday the places stated. In the case of *State v. Herald*, 47 Wash. 538, 92 Pac. 376, we held that this section was intended to prevent the opening of theaters and playhouses for theatrical or dramatic performances, and that as so construed it does not abridge the privileges of citizens as guaranteed by the fourteenth amendment of the constitution of the United States, or §12, art. 1, of the state constitution. In the case of *State v. Nichols*, 28 Wash. 628, 69 Pac. 372, we had under consideration the validity of Bal. Code, § 7251 (P. C. § 1887), being the section following the one now under consideration. That section provides that it shall be unlawful for any person to open on Sunday, for the purpose of trade or sale of goods, wares, or merchandise, any shop, store, or building or place of business whatever; and the same objections were made to that section as are now urged against § 7250. After considering and citing many authori-

tics, to the point that Sunday laws are within the general police powers of the state, we said:

"It may well be concluded that the power of the legislature to enact these laws, as an appropriate exercise of the police power, is set at rest by judicial authority."

Further on, in considering the same case, we said:

"There have been different views in the minds of legislators as to what particular acts were works of necessity or charity. They have been uniform in regarding all noisy occupations and amusements and trades as within the substance of the law. The statute (§ 7251, supra) forbids the opening on Sunday, for the purpose of trade or sale of all goods, wares, and merchandise at any place of business whatever. Here is the plain legislative expression that the sanitary, moral, and physical good of the community requires the cessation of these labors on Sunday."

This language may be as appropriately used with reference to § 7250, which imposes a penalty upon any person who shall keep open a playhouse or theater on Sunday, as it was to the section then under consideration.

In 27 Am. & Eng. Ency. Law (2d ed.), p. 390, it is stated:

"Sunday laws are generally sustained as constitutional on the ground that, since Sunday is a civil and political institution, established for the purpose of promoting the moral and physical well-being of society, they are within the domain of the police power of the states. In asserting their unconstitutionality it has been claimed that they were in violation of the provisions safeguarding equal rights, personal or religious liberty, or that they took away liberty and property without due process of law, but where not so drawn as to be objectionable as class legislation, they have been sustained almost without exception."

Numerous cases are there cited in support of the text, including *Soon Hing v. Crowley*, 113 U. S. 703, 5 Sup. Ct. 730, 28 L. Ed. 1145; and *Petit v. Minnesota*, 177 U. S. 164, 20 Sup. Ct. 666, 44 L. Ed. 716.

In 28 Am. & Eng. Ency. Law (2d ed.), p. 118, the rule is stated as follows:

"The state has the right to pass statutes prohibiting any sort of public exhibition or amusement on Sunday, in order to preserve peace and order."

See, also, Brackett's Theatrical Law, p. 471; *State v. Bergfeldt*, 41 Wash. 234, 83 Pac. 177. We are satisfied that this is the general rule and that the section in question is not subject to the objections made upon the ground first stated.

We are also satisfied that it is not objectionable as class legislation because, where the state has a right to prohibit amusements, it must necessarily follow that any particular kind of amusement may be singled out and prohibited by law and special penalties attached for a violation thereof, and all persons engaged in such amusements must comply with the law. The right to labor in a certain way, or to pursue a certain calling or profession, depends upon the power of the state to prohibit or regulate such occupation, calling, or profession. It will not be necessary to consider the act of 1866 independently, because that act, if unconstitutional upon the ground urged, is no longer in force. If it was not expressly repealed by the act of 1881, it was impliedly repealed by that act, because that act covered the same subject as the act of 1866. We shall, therefore, pass to a consideration of the act of 1881.

It is argued that the act of 1881 is in violation of the provision of the organic act, U. S. Rev. Stats § 1924, and of the state constitution, which provides that every law shall embrace but one subject and that shall be expressed in the title, because the act of 1881 embraces more than one subject not expressed in the title. The proceedings of the legislative session of 1881 shows that the law as it appears in the "Code of Washington, 1881," from § 764 to § 1296, inclusive, was passed as one bill. The section upon which this prosecution is based appears in the act of 1881 as §§1266, 1268, and

1270.   The title of the act of 1881 is as follows:   "The Penal Code.   An act relative to crimes and punishments and proceedings in criminal cases."   This act was passed as a complete penal code.   All the usual ordinary crimes were therein defined and punishments provided therefor, and the criminal procedure was also prescribed.   After that act became a law, it was continuously followed in the territory, and has been followed since statehood, except where amended.

In *State v. Tieman*, 32 Wash. 294, 73 Pac, 375, 98 Am. St. 854, where the same question now presented was raised in reference to §§ 1214 to 1221 of this act, we said, quoting from *Marston v. Humes*, 3 Wash. 267, 28 Pac. 520:

"The legislature may adopt just as comprehensive a title as it sees fit, and if such title when taken by itself relates to a unified subject or object, it is good, however much such unified subject is capable of division."

We then concluded the discussion of the question by saying:

"Tested by this rule, it is clear that it was competent for the legislature, under the title which it adopted for the act in question, to include in the body of the act anything which related to crimes and their punishment and proceedings of a criminal nature."

In addition to what was there said, we may now state that this court has often held that general titles expressive of the subject of the act include all special matters relating thereto without specifically naming them.   *Percival v. Cowychee & Wide Hollow Irr. Dist.*, 15 Wash. 480, 46 Pac. 1035 ; *Johnston v. Wood*, 19 Wash. 441, 53 Pac. 707 ; *Callvert v. Winsor*, 26 Wash. 368, 67 Pac. 91 ; *State ex rel. Smith v. Board of Dental Examiners*, 31 Wash. 492, 72 Pac. 110.   Hence the title of an act need not be a complete index thereof.   *Mc-Knight v. McDonald*, 34 Wash. 98, 74 Pac. 1060.   We have no doubt that the title of the act of 1881 answered every requirement of the Federal statute, and is not opposed to our

constitution, and that under such title the legislature had
authority to enact the statute in question making it a mis-
demeanor to open a theater for amusement on Sunday.

It is also claimed that the act of 1881 was but a compila-
tion of existing laws and not the creation of new offenses,
because the act was initiated by a commissioner authorized to
"reduce and bring into a written, intelligible, and systematic
form statute laws of the territory." But what may have
been the power of such commissioner or the one appointed
under the provisions of § 3322, Code of 1881, is unimportant
in view of the fact that the "penal code," being the act of
1881, was introduced as an original bill, and was passed as
such by the legislature itself, and was approved by the gov-
ernor. It was, therefore, a valid law, even if the person who
prepared the bill was not authorized to prepare it. Neither
was the act of 1881 merely a continuation of the act of 1866.
It was an entirely new act. The mere fact that it embraced
a portion of the act of 1866 upon the same subject need not
be considered now, for the new act took the place of the old
and unless it is subject to the objections of the old, those
objections cannot now be made. That the act of 1881 un-
der consideration is a new and independent act complete with-
in itself is evidenced by the section next to the last, as fol-
lows:

"Sec. 1295. No statute, law or rule is continued in force
because it is consistent with the provisions of this code on the
same subject; but in all cases provided for by this code all
statutes, laws, and rules heretofore in force in this territory,
whether consistent or not, with the provisions of this code,
unless expressly continued in force by it, are repealed and
abrogated." Code of 1881, § 1295.

It is also urged that § 25 of chapter 69 of the Laws of
1891, page 127, is invalid, because the title of the act is not
sufficiently broad to include the subject of this section. This
section 25 of the act of 1891 is the same as Bal. Code, § 7250

(P. C. §1886). It was enacted in that form as an amendment to §1266 of the Code of Washington of 1881, under a title as follows: "An act defining certain crimes and declaring their punishment and amending the Code of 1881 and certain other statutes in relation to the same subject." Laws of 1891, p. 119. We think this title is sufficient under the rule announced in *State ex rel. Seattle Elec. Co. v. Superior Court*, 28 Wash. 317, 68 Pac. 957, 92 Am. St. 831, as follows:

"No elaborate statement of the subject of an act is necessary to meet the spirit of the constitution. A few well-chosen words, suggestive of the general subject treated, is all that is required."

See, also, *Marston v. Humes, supra; Seattle v. Barto*, 31 Wash. 141, 71 Pac. 735; *State v. Scott*, 32 Wash. 279, 73 Pac. 365.

If we were to hold, however, that this amendment was void because in violation of the constitution in the respect claimed, such holding would not avail the petitioner in this case, because the amendatory act of 1891 did not change the substance of the law upon the subject of Sunday observance. It simply put into one section what before was contained in three separate sections, viz., §§1266, 1268, and 1270. See, *State v. Binnard*, 21 Wash. 349, 58 Pac. 210.

This act of 1891 does not repeal any prior law, but expressly provides in the last section:

"All acts and parts of acts in force at the time of the passage of this act relating to the same subject are continued in force so far as not repugnant to the provisions of this act, and the provisions of this act, so far as they are the same as those of acts and parts of acts upon the same subject in force at the time of the passage hereof, shall be construed as continuations of such provisions." Laws of 1891, page 119, §46.

Since the amendment of 1891 did not change in any respect the law under consideration, the validity or invalidity of the amendment is entirely immaterial.

We find no substantial basis for the contention that the statute under consideration is invalid. The application must therefore be denied.

HADLEY, C. J., FULLERTON, DUNBAR, CROW, and ROOT, JJ., concur.

RUDKIN, J., took no part.