[No. 9223.   Department One.   March 13, 1911.]

*In re* JACKSON STREET, SEATTLE.

JAMES ROE *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS —PROCEDURE—JURY. Under Const., art. 7, § 9, providing that the legislature may vest the municipal authorities with power to make local improvements by special assessment or taxation, it is not necessary that a jury be impaneled in order to levy the assessment, and Rem. & Bal. Code, §§ 7768, 7790 *et seq.,* are not unconstitutional in authorizing assessments by commissioners, subject to review by the courts, without any jury trial.

SAME—ASSESSMENTS—EXPENSES.  An assessment for local improvements may include the costs of the city attorney, expenses of the city engineer, and of the eminent domain commissioners, incurred in the proceeding.

[1]Reported in 113 Pac. 1112.

SAME—OBJECTIONS—WAIVER.  Owners petitioning for a street of a certain width cannot object to confirmation of the assessment on the ground that the width was unnecessary.

SAME—ASSESSMENTS—AMOUNT—REVIEW.  An apportionment of benefits by the eminent domain commissioners will not be disturbed on appeal on the ground that it was not according to the benefits, where there was a diversity of opinion between the witnesses and the evidence was not sufficient to overcome the report.

SAME—BENEFITS—BOUNDARIES OF DISTRICT—REVIEW.  The decision of the eminent domain commissioners determining the boundaries of a local improvement district to be assessed for benefits will not be disturbed on appeal because of differences of opinion as to the propriety thereof.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 8, 1910, confirming an assessment roll for a local improvement, after a hearing before the court on the merits.  Affirmed.

*William Martin*, for appellants.

*Todd, Wilson & Thorgrimson*, for appellants Dilling *et al.*

*Scott Calhoun* and *King Dykeman*, for respondent.

MOUNT, J.—This appeal is from a judgment of the superior court of King county, confirming an assessment roll in an assessment district for street improvement purposes. The city of Seattle, by ordinance, provided for widening Jackson street in said city, from Fourth avenue to Fourteenth avenue south, to a width of ninety-six feet, by appropriating fifteen feet of land on each side of the street.  Proceedings in condemnation were had, and judgments were entered in favor of the various property owners for land taken, and thereafter the matter was referred to the board of eminent domain commissioners of the city of Seattle, who prepared an assessment roll to pay the costs of the property taken.  Objections to the roll were made by persons interested, and the roll was afterwards confirmed by the superior court.  This appeal is prosecuted from that judgment.

It is argued by the appellants that the act under which the proceedings were had, viz., chapter 153, Laws of 1907, p.

316 (Rem. & Bal. Code, § 7768 *et seq.*), and the amendment thereof, found in chapter 211, Laws of 1909, p. 724 (Rem. & Bal. Code, § 7790 *et seq.*), are unconstitutional, for the reason that the act gives cities the right to condemn property of its citizens and deprives them of their property without trial by jury. The act is not subject to this objection. The land taken was condemned, and under the provisions of § 7 *et seq.*, Laws of 1907, page 318 (Rem. & Bal. Code, § 7774 *et seq.*), a jury was impaneled and assessed the damages for the property taken. Thereafter a special assessment was made upon the property specially benefited, to pay for the benefits. The constitution provides, at § 9, of art. 7:

"The legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessment, or by special taxation of property benefited."

This constitutional provision is clear to the effect that the legislature may authorize cities to make local improvements by special assessments upon property benefited, which was done in this case. It is not necessary, in order to levy such an assessment, that a jury shall be impaneled therefor. In *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279, speaking to the power of the courts in such matters, we said:

"The state legislature gave the city the authority to levy such a tax. It provided the method by which it should be done. By this plan, the apportionment of the tax to the various parcels of property is made by a board of commissioners appointed by the court. These commissioners, by operation of law, become, in effect, officials or agents of the municipality for the performance of this service. Upon the completion of the commissioners' work, it may be called in question by any interested person before the court, which is invested with revisory powers. The function of the court in these proceedings is to settle disputes and to correct errors and inequalities called to its attention, and thereby relieve the assessment of any lack of uniformity or other injustice."

See, also, *Seattle v. Seattle & Montana R. Co.*, 50 Wash. 132, 96 Pac. 958. The language there used is applicable to this

case, and the reasoning in that case is conclusive of the constitutional objection made here.

Appellants also argue that the assessment contains an item of illegal costs, because it includes costs of the corporation counsel, expenses of the city engineer, and also of the eminent domain commission. This question was decided adversely to appellants' contention in *In re South Shilshole Place*, 61 Wash. 246, 112 Pac. 228.

Appellants further argue that the street was improved to an unusual and unnecessary width, and that the assessments were not proportional to the benefits. It is sufficient answer to the objection to the width of the street to say that the appellants themselves petitioned for a street of that width and cannot now be heard to say that the street is wider than necessary. There was diversity of opinion between the witnesses who testified upon the subject relating to the benefits accruing. A number of witnesses were of the opinion that the benefits were less than fixed by the eminent domain commission, but we are of the opinion that the evidence was not sufficient to overcome the report of the commission. Upon this question we said, in *In re Seattle*, 46 Wash. 63, 89 Pac. 156:

"The questions suggested by the objections cited, it will be noticed, are principally questions of fact, and questions, moreover, which are incapable of solution with mathematical exactness, and into which the judgment and opinion of the individual or individuals who undertake their solution must largely enter. It is not difficult, therefore, to find persons who will take issue with the judgment of the persons who make the assessment, and who will testify to the incorrectness of the assessment as returned."

The same is also true upon the question of the extent of the district, which is raised here. Upon this latter subject we said, in *Seattle v. Meteor Land Co.*, 50 Wash. 402, 97 Pac. 444:

"In this class of cases, opinions will differ widely as to the proper boundaries for an assessment district, and as to the benefits to accrue to the different properties within the dis-

trict; but this court cannot substitute its judgment for the judgment of those whom the law has charged with the duty of establishing the district and apportioning the cost, whenever such difference of opinion may arise."

We find no merit in any of the contentions of the appellants in the case, and the judgment is therefore affirmed.

DUNBAR, C. J., PARKER, and FULLERTON, JJ., concur.