[No. 11884.    Department Two.    June 20, 1914.]

## In re J. E. Ferguson.[1]

SUNDAY—REGULATION OF THEATERS—STATUTES—AUTHORITY OF CITY. An ordinance of a city of the third class prohibiting the keeping open of theaters on Sunday is not inconsistent or in conflict with Rem. & Bal. Code, § 2494, making it unlawful to disturb the peace of Sunday by noisy sports or unnecessary labor, or Id., § 2499, prohibiting shows, plays and boisterous amusements that wilfully disturb religious assemblages; since nothing in those, or any other acts, expressly permit playhouses to keep open on Sunday.

SUNDAY—REGULATION OF THEATERS—POLICE POWER OF CITY. Under Const., art. 11, § 11, vesting in cities the power to make reasonable police regulations within their limits, and Rem. & Bal. Code, § 7685, subd. 21, authorizing cities of the third class to enforce within their limits, police regulations not in conflict with general laws, such a city has authority under its police power to prohibit the opening of theaters on Sunday, in the absence of any general law expressly permitting them to be opened.

SAME. The prohibition of opening theaters on Sunday is a regulation, and not a prohibition, of theaters, and hence is a valid exercise of the police power, even if the city is merely authorized to license theaters for the purpose of regulation and revenue.

SUNDAY—REGULATION OF THEATERS—PUBLIC POLICY—STATUTES—CONSTRUCTION. The repeal of a statute prohibiting the opening of theaters on Sunday, and the enactment of statutes prohibiting noisy amusement and disturbances of religious assemblages, impliedly permitted the opening of theaters on Sunday; but was not a declaration of the policy of the state against the closing of theaters on Sunday; hence an ordinance closing them, under the police power of a city, is not void, as against the policy of the state.

CONSTITUTIONAL LAW—POLICE POWER—REGULATION OF BUSINESS. An ordinance prohibiting the opening of theaters on Sunday is not an unreasonable exercise of the police power.

MUNICIPAL CORPORATIONS—ORDINANCES—GOOD FAITH. The courts cannot inquire into the motives impelling the passage of an ordinance, reasonable on its face, or question its reasonableness from the fact that it was passed by a majority of the council over the mayor's veto.

[1]Reported in 141 Pac. 322.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered March 6, 1914, denying an application for a writ of habeas corpus, after a hearing before the court. Affirmed.

*Whitney & Hughes* and *Sam R. Sumner*, for appellant.

*Fred Kemp* and *E. L. Baker*, for respondent.

MOUNT, J.—The city of Wenatchee, a city of the third class, passed an ordinance, the first section of which reads as follows:

"It shall be unlawful for any person, firm, association or corporation, whether as owner, proprietor, keeper, or agent to keep open, run, manage, or conduct any play house, theater, opera house, moving picture show, or museum, or to keep open, run, manage or conduct any roller skating rink, bowling alley, dance hall or dance pavilion, billiard hall, pool room or shooting gallery or to engage in any of the said business or amusements or to engage in any noisy amusements on the first day of the week commonly called Sunday: . . ." Ordinance No. 440.

Section 3 of the ordinance provides that any person violating any of the provisions of the ordinance shall be guilty of a misdemeanor.

A complaint was filed in the police court of the city of Wenatchee, charging that the appellant, in violation of the ordinance, did, on a certain Sunday, "wilfully and unlawfully keep open, and run the Wenatchee Theater, the same being then and there a playhouse and wherein the said defendant did then and there manage and run a moving picture show for profit, and the said defendant being then and there proprietor and owner of the said theater and playhouse, contrary to Ordinance No. 440 of the said city of Wenatchee."

On the filing of this complaint, a warrant of arrest was issued and placed in the hands of the chief of police of the city. The appellant was taken into custody. When arrested, the appellant petitioned the superior court of Chelan

county for a writ of habeas corpus. The writ was issued and a hearing had thereon before the superior court, where the writ was denied and the appellant remanded into custody for trial. This appeal is prosecuted from that order.

The only question presented upon this appeal is the validity of the ordinance. It is argued by the appellant that the ordinance is void, first, because it is in conflict and inconsistent with the statutes of the state; second, because it was not enacted under any express or implied power vested in the city; third, because it is against public policy of the state; and fourth, because the ordinance is unreasonable and not enacted in good faith. We shall notice these contentions in their order.

The statutes of the state provide at Rem. & Bal. Code, § 2494 (P. C. 135 § 483):

"Every person who, on the first day of the week, shall promote any noisy or boisterous sport or amusement, disturbing the peace of the day; or who shall conduct or carry on, or perform or employ any labor about any trade or manufacture, except livery-stables, garages and works of necessity or charity conducted in an orderly manner so as not to interfere with the repose and religious liberty of the community; or who shall open any drinking saloon, or sell, offer or expose for sale any personal property, shall be guilty of a misdemeanor. . . ."

Rem. & Bal. Code, § 2499 (P. C. 135 § 493), provides:

"Every person who shall wilfully disturb, interrupt, or disquiet any assemblage of people met for religious worship—

"(1) By noisy, rude or indecent behavior, profane discourse, either within the place where such meeting is held, or so near it as to disturb the order and solemnity of the meeting; or,

"(2) By exhibiting shows or plays, or promoting any racing of animals or gaming of any description, or engaging in any boisterous or noisy amusement; or

"(3) By disturbing in any manner, without authority of law within one mile thereof, free passage along a highway

to the place of such meeting, or by maliciously cutting or otherwise injuring or disturbing a harness, conveyance, tent or other property belonging to any person in attendance upon such meeting;

"Shall be guilty of a misdemeanor."

It will be noticed that § 2494 above quoted makes the matters therein described unlawful when they disturb the peace of the day; and that § 2499 prohibits shows, plays, and boisterous amusements when the same wilfully disturbs, interrupts or disquiets an assemblage of persons for religious worship. But there is nothing in these sections, or any other section which is called to our attention, which expressly permits playhouses, theaters, opera houses, moving picture shows or amusements to keep open upon Sunday. The statutes of the state above quoted are the only statutes upon the subject which are called to our attention. It is true that playhouses, theaters, opera houses, and moving picture shows are not prohibited by those sections. They are impliedly permitted to keep open and to run upon any day, unless they disturb the peace or quiet of the day. We think it is clear, therefore, that the ordinance which prohibits the management and conduct of these houses upon Sunday is not in conflict with the state statutes upon the subject. In *Bellingham v. Cissna*, 44 Wash. 397, 87 Pac. 481, where the statute of the state prohibited the speed of automobiles in excess of twelve miles per hour, we held that cities might fix the speed therein at less than twelve miles per hour and that such ordinance would not be in conflict with the state statutes. If the state by statute had expressly permitted theaters, opera houses, and moving picture shows upon Sunday, then it would be clear that the city could not pass an ordinance which would prohibit such shows upon Sunday. But where a statute only impliedly permits such shows upon Sunday and does not expressly permit them, it is within the power of cities to pass ordinances prohibiting such shows, and such

ordinances clearly would not be in conflict with the state statutes.

It is next argued that the ordinance is void because it was not enacted under any express or implied power vested in the city. Section 11 of article 11, of the constitution of the state, confers the police power upon cities as follows:

"Any county, city, town, or township, may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

Subdivision 21 of the statutory charters for cities of the third class confers the following power:

"To make all such ordinances, by-laws, rules, regulations and resolutions, not inconsistent with the constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the corporation and its trade, commerce and manufactures, and to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter, and to exact and enforce within the limits of such city all other local, police, sanitary and other regulations as do not conflict with general laws." Rem. & Bal. Code, § 7685 (P. C. 77 § 323).

In *In re Donnellan*, 49 Wash. 460, 95 Pac. 1085, we held that a statute prohibiting the keeping open of any theater on Sunday was a valid and appropriate exercise of the police power. If such a statute was a valid exercise of the police power on the part of the state, the enactment of such an ordinance would, for the same reason, be a valid exercise of the police power on the part of a city. We are satisfied, therefore, that where the state has not expressly permitted theaters and shows to be opened and conducted on Sunday, the city, under its police power, has the right to regulate such shows.

The appellant argues that, because the statute provides, at § 7685, subd. 10 (P. C. 77 § 323), for an express grant of power to cities in relation to theaters as follows:

"To license, for purposes (of) regulation and revenue, all and every kind of business, including the sale of intoxicating

liquors, authorized by law, and transacted and carried on in such city, and all shows, exhibitions and lawful games carried on therein and within one mile of the corporate limits thereof, to fix the rate of license tax upon the same, and to provide for the collection of the same by suit or otherwise;" therefore cities have the power to license for purposes of regulation and revenue these theaters and shows, and that the power to license for purposes of regulation does not include the power to prohibit. It may be conceded, for the purposes of this case, that the power to license for purposes of regulation and revenue does not carry with it the power to prohibit. But the prohibition of a show on Sunday is not a total prohibition. It is only a regulation of a show.

"While the power to 'regulate' does not necessarily imply power to 'prohibit' or 'suppress,' it confers authority to confine the business referred to to certain hours of the day, to certain localities or buildings in the city, and to prescribe rules for its prosecution within those hours, localities, and buildings." See 28 Cyc. 751, note 68.

The prohibition of theaters on Sunday is a regulation merely and not a prohibition, and was, therefore, a valid exercise of the power of the city.

It is next argued that the ordinance is against the public policy of the state, and is therefore void. It appears that, prior to the year 1909, the statutes of the state prohibited theaters upon Sunday. This statute was attacked in *In re Donnellan, supra*, in the year 1908, upon several grounds; and we held the statute was a valid exercise of police power on the part of the state. Thereafter, in the year 1909, the legislature repealed this provision of the statute, and enacted §§ 2494 and 2499 hereinabove quoted. It is argued by the appellant that the repeal of this statute and the enactment of the later statute declared the policy of the state as permitting theaters and shows to be open and conducted upon Sunday; and it is no doubt true, as we have said above, that the repeal of this statute prohibiting theaters on Sun-

day was an implied permission of such theaters. But, as we have heretofore said, an implied permission does not create the policy of the state. The policy of the state is declared by express statutes and not by implication. If the state had expressly by statute authorized theaters and shows to be conducted upon Sunday, that would no doubt be a declaration of a policy. But where it makes no declaration upon the subject, no policy is declared. The ordinance, therefore, is not against the policy of the state. The policy of the state no doubt was to permit theaters to be carried on upon Sunday except in cities acting under the police power which might restrain such theaters and declare a policy within such cities. We think the ordinance is not against the policy of the state.

It is next argued that the ordinance is void because it is unreasonable and was not enacted in good faith. There is no merit in this contention, because the state, and cities within the state, have the right to pass statutes and ordinances prohibiting any sort of public exhibition or amusement on Sunday in order to preserve peace and order. *In re Donnellan, supra.* The ordinance in question in this case was passed by a majority of the council, over the mayor's veto. But that fact does not show that the ordinance is either unreasonable or was enacted in bad faith. If an ordinance is reasonable on its face and was regularly passed by the proper power, it is not for the courts to inquire into motives which have impelled the passage of such ordinance. Good faith in the passage of laws must be presumed by courts.

We find no merit in the appeal, and the judgment of the lower court must therefore be affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.