[No. 13379.   Department One.   February 17, 1917.]

IN RE TWENTIETH AVENUE NORTHEAST.

THE CITY OF SEATTLE, *Respondent*, v. L. J. JONES *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS—APPEAL—REVIEW. A local improvement assessment is not shown to be arbitrary and made upon a fundamentally wrong basis, by the fact that some of the councilmen reached their conclusions by wrong methods of reasoning and from a consideration of facts not pertinent to the inquiry, where, in the final analysis, the council decided that the property was benefited and properly included in the assessment roll.

SAME—LOCAL IMPROVEMENTS—PROCEEDINGS — ORDINANCE. Under an ordinance for a local improvement, providing that two and one-half per cent of the cost shall be assessed upon the zone system and the balance shall be distributed and assessed against all the property in the district in accordance with special benefits, a property owner outside of the zone limits cannot complain that the zone system was not followed, since his property could not be affected thereby.

SAME—PROCEEDINGS—OBJECTION. Upon appeal from an assessment for a local improvement, objection that the marginal property was assessed too low cannot be made for the first time in the supreme court.

SAME—APPEAL—REVIEW. An assessment of two and one-half per cent of the cost of a local improvement on the zone system will not be overturned upon the statement of the city engineer that the roll return "might not check out" two and one-half per cent but would come close to it; the statement being too indefinite.

SAME—BENEFITS—APPEAL—REVIEW. The fact that an improvement opened up another highway over which the business section

[1]Reported in 163 Pac. 12.

of the city could be reached, establishes that the same was of special benefit to the property affected, and the question being largely one of opinion and not of fact, the judgment of the officers as to the amount of benefits will not be disturbed unless some other element intervenes.

Appeal from a judgment of the superior court for King county, Webster, J., entered September 14, 1915, confirming an assessment roll for a public improvement, upon appeal from the city council. Affirmed.

*Bell & McNeil*, for appellants.

*Hugh M. Caldwell* and *Howard A. Hanson*, for respondent.

FULLERTON, J.—On December 9, 1912, the city council of the city of Seattle, by resolution, declared its intention to improve a certain described portion of Twentieth avenue northeast in that city by grading and curbing the same, providing for the necessary surface drainage, and by the construction of the necessary bridges. To meet the cost and expense of the improvement, the resolution provided for the creation of an enlarged district. The district was specifically described, and included within its boundaries an addition to the city of Seattle, known in the record as the Cumberland addition. The resolution followed the provisions of the statute relating to enlarged districts (Rem. Code, § 7892-14). It fixed the amount of the cost and expense to be assessed against that portion of the property within the defined district lying between the termini of the proposed improvement and extending back from the marginal lines thereof to the middle of the blocks on each side at two and one-half per centum of the whole cost, and provided that the remainder of such cost and expense, not borne by any general fund, should be distributed and assessed against all of the property in the remainder of the enlarged district.

The board of public works of the city, to whom was referred the duty of estimating the cost of the improvement, reported such estimated cost at $40,776.84, of which sum

King county agreed to pay $20,000, leaving a balance to be assessed against the property benefited in the enlarged district of $20,776.84. The improvement extended across a public park of the city of Seattle, and the principal part of the cost was the construction of a bridge over a deep ravine within the park.

A number of protests by individual property holders were filed against the improvement. These, however, were disallowed by the city council, and an ordinance passed directing the improvement to be made. The ordinance, following the language of the resolution, also fixed the proportion of the cost to be assessed upon the immediately abutting property, the provision therefor being in the following language:

"Section 4. That there be assessed against that portion of the property within such enlarged district lying between the termini of the proposed improvement and extending back from the marginal lines thereof to the middle of the block on each side thereof in the mode prescribed in Section 13 of Chapter 98 of the Session Laws of the State of Washington for 1911, two and one-half per cent (2½%) of the cost and expense of such improvement, and that such portion of the remainder of such cost and expense as may not be borne by any general fund, be distributed and assessed against all the property included in the remainder of such enlarged district in accordance with special benefits." Seattle Ordinance, No. 30,734.

The contract price of the work exceeded the estimated cost by some $14,000. On the return of the assessment roll showing the distribution of the assessment over the property of the district, numerous protests against the same were filed by persons owning property situated in the Cumberland addition. These were disallowed by the city council and the roll confirmed with certain minor changes, the final assessment against the property of the district being $34,003.01, instead of $20,776.84, the estimated cost of the improvement. From the order confirming the roll by the city council, the property holders mentioned appealed to the superior court

of King county, where the roll was again confirmed. From the last mentioned order of confirmation, this appeal is prosecuted.

Noticing the appellants' contentions in a somewhat different order than the brief presents them, the first is that the assessment is arbitrary and proceeds upon a fundamentally wrong basis. This contention is based upon matters occurring before the city council at the hearing upon the assessment roll. It was testified that, at this hearing, one of the city councilmen said: "Now, Mr. Douglas, we feel that your people are certainly getting the worst of this, but you know the reason why you are being put in the Twentieth avenue bridge assessment district, we let you out of the Twenty-second avenue assessment in order to save you for the Twentieth avenue assessment; in order to help out." That another councilman stated he had been out and looked over the district and believed "that the people of the Cumberland district were wronged by being placed on the assessment roll," and that he moved before the council that their property be struck off the roll for that reason. That another one said "it was doing us an injustice, and that he could not see where our benefits were." And still another: "I am not sure in my own mind that they should be in this district, but the engineer's department having passed on this matter and made this up, I think we had better take their judgment in this matter, and I propose to do that myself." It was testified, also, that the city engineer made a statement similar to that of the first councilman mentioned. From this it is argued that there was no judicial hearing before the council, that there was no finding of benefits, but that the property was included in the assessment roll because it had been excluded from another roll, and because of the necessities of the case, in order that sufficient property might be found to bear the burden of the improvement.

But we think the contentions are not supported by this evidence. The city council, in the final analysis, decided that

the property was benefited and was properly included in the assessment roll. The fact that some of them may have reached the conclusion by wrong methods of reasoning, or from the consideration of facts not pertinent to the inquiry, does not prove their action as a body to have been arbitrary, or that the council as such proceeded upon a fundamentally wrong basis, however much it may impeach the action of the individual. Moreover, the confirmation of the assessment roll must be had by ordinance, and it was so had in the present case. The rule is that the courts cannot inquire into the motive impelling the passage of an ordinance regular upon its face. *In re Ferguson*, 80 Wash. 102, 141 Pac. 322; *Wood v. Seattle*, 23 Wash. 1, 62 Pac. 135, 52 L. R. A. 369.

It is next contended that the assessment was not levied according to the provisions, of the ordinance. The language of the ordinance applicable to the contention, we have quoted. It provides, as will be noticed, that the two and one-half per centum of the total tax required to be assessed on the property abutting upon the marginal lines of the improvement shall be assessed thereon "in the mode prescribed in § 13 of Chapter 98 of the Session Laws of the State of Washington for 1911." This section of the statute provides for a zone assessment; that is, a division of the property into zones running parallel with the marginal lines of the improvement, and an assessment upon the zones in varying proportions, decreasing as the distance of the zone increases from the marginal lines. This mode of spreading the assessment was not followed, all of the property in the two and one-half per centum zone being assessed equally. Concerning this, the appellants' learned counsel say, in their brief (p. 50):

"Therefore, appellants contend that, had the prescribed method been followed and the assessment on the easterly margin or fourth zone of the smaller district been in the amounts the evidence shows it would have been had the ordinance been complied with, it would have been impossible by any system of calculation to have ever extended the assessment to the property of the appellants, or to any part of it."

But this argument overlooks the fact that it is only the fixed per centum found by the city council to be chargeable to that portion of the enlarged district lying next to the marginal lines of the improvement that is to be assessed against the property therein. It is the balance of the cost after this per centum is deducted that is to be assessed on the remainder of the enlarged district. By the express provisions of the statute, this part of the district is to be assessed "in accordance with special benefits," not necessarily by a zone method. It is plain, therefore, that the assessment upon such remainder is neither increased nor diminished, no matter what method of assessment is followed in spreading the assessment over that part of the district abutting upon the marginal lines, and that the owners of property in such remainder could in no manner be adversely affected by any method that might be pursued.

Since the appellants are not adversely affected, and since a property holder can successfully complain only of an invalid assessment upon his own property, it follows, further, that an erroneous method of assessing this part of the district does not justify the courts in holding the assessment upon the appellants' property invalid.

The record does show, however, that, had the assessment been spread over the marginal district according to the zone method, the property in the zone lying farthest away from the marginal line of the improvement would have been assessed at a less rate, measured by area, than the immediately adjoining property lying still further away, and, indeed, at a less rate than property of the appellants was assessed which lay in the remote parts of the district. Based on this fact, the appellants contend that their assessment is too high; that they are compelled to bear more than their proportionate share of the cost and expense of the improvement. But while this fact would indicate that the city council in the initiatory proceedings had fixed the amount of the cost to be borne by the marginal property at less than

its just proportion of such cost and expense, we have been unable to conclude that it justifies a modification of the assessment. The record fails to show that the appellants, either at the hearing on the initiatory resolution or at the hearing upon the assessment roll, made the objection that the marginal property was assessed too low; in fact, it appears to have been made for the first time in this court. This, we think, is too late. The city council are, as we have shown, specially empowered by the statute to determine the amount that shall be assessed to the marginal property, and any objection to the sufficiency of the amount fixed as a proper charge should be made to that body at the hearing had on the initiatory resolution. This is the purpose of the hearing, and failure to make the objection at that time is a waiver of the objection.

It is objected that two and one-half per centum of the cost and expense was not in fact levied upon the marginal property by the assessing officer. The only evidence upon this point is that of the city engineer. His statement was that the roll as returned might not check out two and one-half per cent of the $50,000, but would come close to it. We think this a too indefinite statement on which to overturn the assessment roll, even if it were ground for so doing that there was a failure in this respect.

Finally, it is objected that the property of the appellants is not benefited by the improvement. There was much testimony on the question, which we think unprofitable to review here at length. The improvement opened upon another highway over which the business section of the city can be reached from the property, and it opened up a direct and convenient way, which the property did not have before, to reach that part of the city in which the University of Washington is situated. We think the evidence clearly establishes that the improvement was of special benefit to the property, however much it may be in conflict as to the amount of such special benefit. But the courts are loath to interfere on this

latter question with the judgment of the authorities empowered to make the assessment. The question is so largely one of opinion and not of fact it is generally held, where no other element intervenes, that the judgment of the officers will not be disturbed. *In re Harvard Avenue North*, 47 Wash. 535, 92 Pac. 410; *In re Jackson Street*, 62 Wash. 432, 113 Pac. 1112; *In re Boyer Avenue*, 79 Wash. 664, 141 Pac. 58.

The order of the superior court will stand affirmed.

ELLIS, C. J., MOUNT, and MORRIS, JJ., concur.